FILED

PEARSON, J.

2012 MAR 30 PM 4: 15

U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
YOUNGSTOWN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROHIT PRAKASH, | ) | |
| | ) | CASE NO. 5:10CV0033 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| ALTADIS U.S.A. INC., *et al.*, | ) | **AND ORDER** |
| | ) | [Resolving ECF Nos. 26, 27, 28, 29, 30, |
| Defendants. | ) | 31, 32, 33, and 53] |

**INTRODUCTION**

Pending before the Court are motions to dismiss filed by Defendants alleged to have violated various federal and State laws in an effort to take advantage of *Pro se* Plaintiff by means of, behavior that is best described as anti-competitive or other illegal acts. Defendants contend that the Court does not have subject matter jurisdiction over this action and also lacks personal jurisdiction over fourteen of the fifteen Defendants. In addition, Defendants maintain that several of Plaintiff's causes of action fail to state a claim upon which relief can be granted.

*Pro se* Plaintiff Rohit Prakash applied to register the mark TREAT for "filter-tipped cigarettes" in International Class 34 in the U.S. Patent and Trademark Office ("PTO"). On January 20, 2006, Defendant Charles W. Grimes sent a cease-and-desist letter (ECF No. 26-3 at 5-6) to Dr. Prakash. *See* Amended Complaint (ECF No. 3) at ¶ 38; Declaration of Charles W. Grimes (ECF No. 26-3 at 3). The letter notified Dr. Prakash of the DUTCH TREATS trademark registered on April 21, 1970 in International Class 34 and stated that the mark was owned by

(5:10CV0033)

Defendant Max Rohr, Inc. and used by Defendant Altadis U.S.A. Inc. in the sale of cigars for over 30 years. ECF No. 26-3 at 5. The letter demanded that "**you immediately phase out the use of 'TREAT' as a designation on or in connection with your cigarettes and expressly abandon your trademark application.**" ECF No. 26-3 at 6 (emphasis in original). Litigation was threatened if Dr. Prakash did not comply. *Id.* On March 9, 2006, Defendant Charles W. Grimes sent a letter (ECF No. 26-3 at 9) in reply to Dr. Prakash's letter, dated February 17, 2006 (ECF No. 26-3 at 7-8). In response to the cease-and-desist letters, Somya Inc.[1] stopped making and selling herbal cigarettes with the TREAT trademark and, apparently, discontinued making and selling its herbal smokes altogether. *See* Amended Complaint (ECF No. 3) at ¶¶ 41 and 246a.

On February 14, 2006, Defendant Max Rohr, Inc., by and through Defendant Charles W. Grimes, filed in Number 91169175 in the PTO a formal opposition to registration of the mark TREAT for the sale of cigarettes because of the potential for confusion with, or dilution of, the DUTCH TREATS trademark. On March 21, 2006, Dr. Prakash counterclaimed for cancellation of the DUTCH TREATS trademark. On February 16, 2010, as proceedings before the Trademark Trial and Appeal Board neared the trial stage, the matter was suspended at Plaintiff's request pending final determination of the above-entitled action. Trademark Rule 2.117(a).[2]

---

[1] Dr. Prakash's wholly owned corporation that sold herbal non-tobacco cigarettes. ECF No. 3 at ¶¶ 18 and 33.

[2] *See* http://ttabvue.uspto.gov/ttabvue/v?qt=adv&procstatus=All&pno=91169175&propno=&qs=&propnameop=&propname=&pop=&pn=&pop2=&pn2=&cop=&cn=

(5:10CV0033)

On January 7, 2010, *Pro se* Plaintiff Rohit Prakash filed a Complaint (ECF No. 1).  Eight

days later, Plaintiff filed a 76-page, 11-count Amended Complaint (ECF No. 3) containing 325

allegations against the following Defendants:  Altadis U.S.A. Inc., Cuban Cigar Brands, N.V.,

Altadis Holdings U.S.A. Inc., Max Rohr, Inc., Imperial Tobacco Group PLC, Gary R. Ellis,

Lewis I. Rothman, Grimes & Battersby, LLP, Charles W. Grimes, Ronald O. Perelman,

MacAndrews & Forbes Holdings Inc., Theo W. Folz, 800-JR Cigar, Inc., James L. Colucci,

George Gershel, and John Does 1-10.  Plaintiff filed the Amended Complaint (ECF No. 3)

purportedly for himself and as the purported assignee of non-party Somya Inc.  ECF No. 3 at ¶

19.  The Amended Complaint (ECF No. 3) sets forth the following 11 federal and state claims for

relief:

> First - Violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") - Violation of 18 U.S.C. § 1962(a), (b), (c), and (d);
>
> Second - Antitrust Violations - Sherman Act (15 U.S.C. § 1);
>
> Third - Antitrust Violations - Sherman Act (15 U.S.C. § 2);
>
> Fourth - Antitrust Violations - Clayton Act (15 U.S.C. §§ 12-27);
>
> Fifth - 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act) - False Representation and Source of Origin;
>
> Sixth - 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act) - Deceptive Advertising;
>
> Seventh - Cancellation of Registrations 15 U.S.C. § 1120 (Section 38 of the Lanham Act);
>
> Eighth - Unfair Competition Under State Law;
>
> Ninth - Violation of Ohio Rev. Code § 4165.02, the Uniform Deceptive Trade Practices Act as adopted in Ohio;

3

(5:10CV0033)

Tenth - Interference With Prospective Economic Advantage; and

Eleventh - Derivative Liability Under RICO, Antitrust, Lanham Act, and Aiding and Abetting Under 18 U.S.C. § 2.[3]

Plaintiff's intent-to-use application for registration of the mark TREAT was allegedly filed on December 15, 2004. ECF No. 3 at ¶ 32. Plaintiff alleges that Somya Inc. is a company that manufactures and sells "herbal, non-tobacco smokes, designed to be alternative smokes and intended to help smokers treat their habit of smoking tobacco." *Id.* at ¶ 33. Somya Inc. allegedly used the mark TREAT exclusively to sell herbal nontobacco smokes, beginning in January 2006. *Id.* at ¶¶ 33 and 42. It is alleged that Plaintiff and Defendants are competitors in the sale of smoking products. *Id.* at ¶ 44.

Plaintiff's central complaint is that Defendants Max Rohr, Inc. and Altadis U.S.A. Inc. objected to the use of the mark TREAT for the sale of cigarettes, and Defendant Max Rohr, Inc. formally objected to the registration of that mark. *See, e.g.*, ECF No. 3 at ¶ 205. Plaintiff also complains about the procurement, use of, and enforcement of the mark DUTCH TREATS, owned by Defendant Max Rohr, Inc., alleging, *inter alia*, that the use of this mark is a fraudulent attempt "to capitalize on the prestige and desirability of authentic Dutch cigars." *See Id.* at ¶¶ 196, 252-253, 261-265, 270-275, and 303. He makes a similar complaint about two other marks for cigars that incorporate the term "Dutch", DUTCH MASTERS and DUTCHIES. *Id.*

Plaintiff alleges that, in connection with seeking to register or record the assignment of the registration for certain trademarks, Defendant Grimes & Battersby, LLP or Defendant Charles

---

[3] Plaintiff's "First Amended Pleading" (ECF No. 37) was stricken from the record. *See* Memorandum Opinion and Order (ECF No. 52).

4

(5:10CV0033)

W. Grimes committed mail fraud by knowingly and willfully concealing from the PTO certain material facts. *Id.* at ¶¶ 141-199. He characterizes the cease-and-desist letters that Defendant Charles W. Grimes sent as extortion. *See id.* at ¶¶ 205-206. Plaintiff admits, however, that throughout, Individual Defendants[4] "engaged in the alleged unlawful conduct in [a] representative capacit[y]." *Id.* at ¶ 312.

In January 2011, the above-entitled action and the within motions were reassigned from Judge Sara Lioi to the undersigned pursuant to General Order 2011-4.

**I.**

This action is before the Court upon the Joint Motion of All Defendants to Dismiss Counts 1-6 and 8-11 of the Amended Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim, and to Dismiss Count 7 for Lack of Subject Matter Jurisdiction (ECF No. 26), filed on April 7, 2010. The Court has reviewed the memorandum in support (ECF No.

---

[4] Individual Defendants are Gary R. Ellis, Lewis I. Rothman, Charles W. Grimes, Ronald O. Perelman, Theo W. Folz, James L. Colucci, and George Gershel.

5

(5:10CV0033)

26-1), memoranda in opposition (ECF Nos. 58 and 61),[5] and reply memoranda (ECF Nos. 63 and 65).

All Defendants move the Court, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), to dismiss Counts 1-6 and 8-11 of the Amended Complaint (ECF No. 3) because Plaintiff has no standing to complain of, or recover for, alleged competitive injury to Somya Inc., and because none of these claims for relief state a claim upon which relief can be granted.

Furthermore, all Defendants move the Court, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), to dismiss those portions of the seventh claim for relief of the Amended Complaint (ECF No. 3) that relate to trademarks other than DUTCH TREATS, as shown on ECF No. 26-2 because Plaintiff has no standing to complain of the registration of those marks, and to dismiss all but Defendant Max Rohr, Inc. from Count 7.

Finally, Defendants move the Court, pursuant to Fed. R. Civ. P. 12(b)(1), to dismiss the balance of the seventh claim for relief of the Amended Complaint (ECF No. 3), namely, the

---

[5] Plaintiff, in both briefs, has, for the most part, presented the Court with a laundry list of cases in a summary fashion and without setting forth any developed analysis or meritorious explanation as to why the Joint Motion of All Defendants should be denied. He also restates a series of allegations from the Amended Complaint (ECF No. 3) in single-spaced blocks of text. *See* ECF No. 61 at 21-27. Additionally, Plaintiff makes statements that are not on point. For example, Plaintiff writes: "Opposing counsels' arguments that all elements of prima facie case against defendants are lacking is thus not supported by law." ECF No. 61 at 17. No such argument regarding the *McDonnell Douglas* elements of a *prima facie* case of discrimination is made in ECF No. 26. Finally, Plaintiff seeks to rely on the First Amended Pleading (ECF Nos. 53-1 and 2). *See* ECF No. 58 at 11. However, the Court has not yet ruled on his Motion for Leave to File an Amended Pleading in Lieu of Brief in Response to Defendants' Motions Under Rule 12(b) (ECF No. 53). Accordingly, the First Amended Pleading (ECF Nos. 53-1 and 2) is not properly before the Court.

(5:10CV0033)

portion that seeks cancellation of the registration of Defendant Max Rohr, Inc.'s mark DUTCH

TREATS, for lack of subject matter jurisdiction.

For the reasons set forth in Section X below, Defendants' motion is granted.

**II.**

This action is also before the Court upon Defendants Ronald O. Perelman and

MacAndrews & Forbes Holdings Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction and

Venue, and for Failure to State a Claim (ECF No. 27), filed on April 7, 2010.  The Court has

reviewed the memoranda in support (ECF Nos. 27-1 and 26-1), memoranda in opposition (ECF

Nos. 59, 60, and 61), and reply memoranda (ECF Nos. 63 and 64).

Defendants Ronald Perelman and MacAndrews & Forbes Holdings Inc. move the Court,

pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3), for an order dismissing them for lack of

personal jurisdiction and improper venue because they have no connection to Ohio or to the

matter of which Plaintiff complains and exercising jurisdiction over them would offend

Constitutional notions of fair play and substantial justice.

Furthermore, Defendants Ronald Perelman and MacAndrews & Forbes Holdings Inc.

move the Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Amended Complaint (ECF

No. 3) because it fails to state a claim against them upon which relief can be granted and any

such claim is time-barred.

For the reasons set forth in Section XI below, Defendants' Motion is granted.

**III.**

7

(5:10CV0033)

In addition, this action is before the Court upon Defendant Imperial Tobacco Group PLC's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 28), filed on April 7, 2010. The Court has reviewed the memoranda in support (ECF Nos. 28-1 and 26-1), memorandum in opposition (ECF No. 59), and reply memorandum (ECF No. 64).

Defendant Imperial Tobacco Group PLC moves the Court, pursuant to Fed. R. Civ. P. 12(b)(2), for an order dismissing it for lack of personal jurisdiction because it has no connection to Ohio nor does it conduct any business in the United States and exercising jurisdiction over it would offend Constitutional notions of fair play and substantial justice.

For the reasons set forth in Section XII below, Defendant's Motion is granted.

**IV.**

Next, this action is before the Court upon Defendants Gary R. Ellis, Lewis I. Rothman, Theo W. Folz, and James L. Colucci's Motion to Dismiss for Lack of Personal Jurisdiction and Venue, and for Failure to State a Claim (ECF No. 29), filed on April 7, 2010.  The Court has reviewed the memoranda in support (ECF Nos. 29-1 and 26-1), memoranda in opposition (ECF Nos. 59, 60, and 61), and reply memoranda (ECF Nos. 63 and 64).

Defendants Gary R. Ellis, Lewis I. Rothman, Theo W. Folz, and James L. Colucci move the Court, pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3), for an order dismissing them for lack of personal jurisdiction and improper venue because they have no connection to Ohio and

8

(5:10CV0033)

exercising jurisdiction over them would offend Constitutional notions of fair play and substantial justice.[6]

Furthermore, Defendants Gary R. Ellis, Lewis I. Rothman, Theo W. Folz, and James L. Colucci move the Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Amended Complaint (ECF No. 3) because it fails to state a claim against them upon which relief can be granted.

For the reasons set forth in Section XIII below, Defendants' Motion is granted.

**V.**

This action is also before the Court upon Defendant George Gershel's Motion to Dismiss for Lack of Personal Jurisdiction and Venue, and for Failure to State a Claim (ECF No. 30), filed on April 7, 2010. The Court has reviewed the memoranda in support (ECF Nos. 30-1 and 26-1), memoranda in opposition (ECF Nos. 59, 60, and 61), and reply memoranda (ECF Nos. 63 and 64).

Defendant George Gershel moves the Court, pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3), for an order dismissing him for lack of personal jurisdiction and improper venue because his *de minimis* contacts with Ohio are insufficient to establish jurisdiction or venue and exercising jurisdiction over them would offend Constitutional notions of fair play and substantial justice.

---

[6] Defendants Gary R. Ellis, Lewis I. Rothman, Theo W. Folz, and James L. Colucci assert that they "must be dismissed from this case with prejudice for lack of personal jurisdiction." ECF No. 29-1 at 12. A similar assertion is made in Defendant George Gershel's motion. *See* ECF No. 30-1 at 14. A dismissal for lack of personal jurisdiction, however, is without prejudice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

(5:10CV0033)

Furthermore, Defendant George Gershel moves the Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Amended Complaint (ECF No. 3) because it fails to state a claim against him upon which relief can be granted.

For the reasons set forth in Section XIV below, Defendant's Motion is granted.

## VI.

In addition, this action is before the Court upon Defendants Cuban Cigar Brands, N.V., Altadis Holdings U.S.A. Inc., and 800-JR Cigar, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (ECF No. 31), filed on April 7, 2010.  The Court has reviewed the memoranda in support (ECF Nos. 31-1 and 26-1), memoranda in opposition (ECF Nos. 59 and 60), and reply memorandum (ECF No. 64).

Defendants Cuban Cigar Brands, N.V., Altadis Holdings U.S.A. Inc., and 800-JR Cigar, Inc. move the Court, pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3), for an order dismissing them for lack of personal jurisdiction and improper venue because they have no connection to Ohio and exercising jurisdiction over them would offend Constitutional notions of fair play and substantial justice.

For the reasons set forth in Section XV below, Defendants' Motion is granted.

## VII.

Next, this action is before the Court upon Defendants Grimes & Battersby, LLP and Charles W. Grimes' Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and Failure to State a Claim (ECF No. 32), filed on April 7, 2010.  The Court has reviewed the

(5:10CV0033)

memoranda in support (ECF Nos. 32-1, 26-1, and 29-1), memoranda in opposition (ECF Nos.

59, 60, and 61), and reply memoranda (ECF Nos. 63 and 64).

Defendants Grimes & Battersby, LLP and Charles W. Grimes move the Court, pursuant

to Fed. R. Civ. P. 12(b)(2) and 12(b)(3), for an order dismissing them for lack of personal

jurisdiction and improper venue because they have no connection to Ohio, except their efforts to

enforce a client's trademark rights, and exercising jurisdiction over them would offend

Constitutional notions of fair play and substantial justice.

Furthermore, Defendants Grimes & Battersby, LLP and Charles W. Grimes move the

Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Amended Complaint (ECF No. 3)

because it fails to state a claim against them upon which relief can be granted.

For the reasons set forth in Section XVI below, Defendants' Motion is granted.

## VIII.

This action is also before the Court upon Defendant Max Rohr, Inc.'s Motion to Dismiss

for Lack of Personal Jurisdiction and Improper Venue (ECF No. 33), filed on April 7, 2010.  The

Court has reviewed the memoranda in support (ECF No. 33-1 and 26-1), memoranda in

opposition (ECF Nos. 59 and 60), and reply memorandum (ECF No. 64).

Defendant Max Rohr, Inc. moves the Court, pursuant to Fed. R. Civ. P. 12(b)(2) and

12(b)(3), for an order dismissing it for lack of personal jurisdiction and improper venue because

it has no connection to Ohio and exercising jurisdiction over it would offend Constitutional

notions of fair play and substantial justice.

For the reasons set forth in Section XVII below, Defendant's Motion is granted.

(5:10CV0033)

## IX.

Finally, this action is before the Court upon Plaintiff's Motion for Leave to File an Amended Pleading in Lieu of Brief in Response to Defendants' Motions Under Rule 12(b) (ECF No. 53), filed on July 21, 2010. Plaintiff has attached a copy of the 136-page proposed amended pleading to the motion. *See* The First Amended Pleading (ECF Nos. 53-1 and 2).

On November 2, 2010, the Court entered an Order (ECF No. 57) that advised Plaintiff that the Court intended to rule on his motion to further amend his Amended Complaint (ECF No. 53) at the same time it rules on Defendants' various pending Motions to Dismiss (ECF Nos. 26-33). Plaintiff was, therefore, granted leave to file a response(s) to the pending dispositive motions.

The Court has now reviewed the memorandum in support, memorandum in opposition (ECF No. 54), and reply memorandum (ECF No. 55) regarding Plaintiff's Motion for Leave to File an Amended Pleading. For the reasons set forth in Section XVIII below, Plaintiff's Motion is denied.

## X.

The Court can consider the Declarations of Charles W. Grimes (ECF No. 26-3), Russell D. Dize (ECF No. 26-4), and Rohit Prakash (ECF No. 58-1) in deciding the issues presented by the Fed. R. Civ. P. 12(b)(1) prong of the Joint Motion of All Defendants to Dismiss Counts 1-6 and 8-11 of the Amended Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim, and to Dismiss Count 7 for Lack of Subject Matter Jurisdiction (ECF No. 26). *See Land v. Dollar*, 330 U.S. 731, 735 n. 4 (1947) (when question of court's jurisdiction is raised, the court

12

(5:10CV0033)

may consider evidence, by affidavits or otherwise, which bear upon the facts of jurisdiction);

*Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 917-18 (6th Cir. 1986) (quoting *Gordon v.*

*National Youth Work Alliance*, 675 F. 2d 356, 362-63 (D.C. Cir. 1982) (Robinson, C.J.,

concurring).

### A. As a Pro se Plaintiff, Dr. Prakash Cannot Represent His Corporation in This Court

A non-attorney may not file anything on behalf of a corporation in an action pending in

this Court. *See* Local Rule 83.5; *In re O'Connor*, No. 08-16434, 2009 WL 1616105, at *3-4

(Bankr. N.D. Ohio Feb. 27, 2009). A corporation cannot appear in court through an officer of the

corporation or an appointed agent not admitted to the practice of law. *Union Savings Assn. v.*

*Home Owners Aid, Inc.*, 23 Ohio St. 2d 60 (1970). Ohio Rev. Code § 4705.01 prohibits anyone

from practicing law or commencing or defending an action "in which the person is not a party

concerned . . . unless the person has been admitted to the bar by order of the supreme court . . . ."

Somya Inc. is an Ohio corporation for profit[7] and Plaintiff is its sole shareholder and

owner. Declaration of Rohit Prakash (ECF No. 58-1) at ¶ 4. Plaintiff is hereby advised that 28

U.S.C. § 1654, which provides that "parties may plead and conduct their own cases personally or

by counsel. . . ," has been uniformly construed to mean that a corporation cannot appear

otherwise than through an attorney. *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245

(6th Cir. 1969). The rule of this circuit is that a corporation cannot appear in federal court except

through an attorney. *Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984).

---

[7]

http://www2.sos.state.oh.us/pls/bsqry/f?p=100:7:673032241987595::NO:7:P7_CHARTE
R_NUM:1510866

(5:10CV0033)

Therefore, Counts 1-6 and 8-11, and all claims sounding in unfair competition that belong to Somya Inc., are dismissed because Plaintiff cannot maintain them *pro se* or as the alleged assignee of his corporation for profit.[8]  The federal courts have, in cases governed by federal law, disapproved any circumvention of the rule by the procedural device of an assignment of the corporation's claims to the lay individual. *See U.S. S.E.C. v. Merklinger*, No. 08-CV-13184-DT, 2010 WL 2232224, at *2 (E.D. Mich. May 27, 2010) (citing *Mercu–Ray Indus., Inc. v. Bristol–Myers Co.*, 392 F.Supp. 16, 20 (S.D.N.Y.) (to allow a purported assignee of a corporation's claims to appear *pro se* "would be allowing him to flout a well-established and purposeful public policy by means of a procedural device" where he "chose to accept the advantages of incorporation and must now bear the burdens of that incorporation."), *aff'd*, 508 F.2d 837 (2d Cir. 1974)).

## B. *Plaintiff Has Failed to State a Claim Under the RICO Statute Upon Which Relief Can be Granted*

Most of the pages and paragraphs of the Amended Complaint (ECF No. 3) are devoted to Count 1, a series of wide-ranging allegations that "defendants" engaged in RICO predicate acts and a RICO conspiracy through the procurement, use and enforcement of 56 trademarks, including 47 alleged to have been obtained in violation of laws prohibiting trade with Cuba, such as H. UPMANN, MONTE CRISTO, and POR LARRANAGA. *See* ECF No. 3 at ¶¶ 45-213.

---

[8] According to Plaintiff, "Somya Inc. had effectively assigned all its legal rights and interests in the subject matter of this civil action to Rohit Prakash in March 2006." ECF No. 58-1 at ¶ 6. But, he provides no proof of the assignment.

14

(5:10CV0033)

Defendants ask the Court to dismiss Count 1 pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff cannot state a cognizable RICO claim under any theory.

To state a RICO claim that a defendant violated 18 U.S.C. § 1962, a plaintiff must plead "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983). As the fifth element suggests, the four subsections of 18 U.S.C. § 1962 require different allegations with respect to the conduct allegedly at issue; *i.e.*, that the defendant "invest" in an enterprise (§ 1962(a)); "acquire or maintain" an interest in an enterprise (§ 1962(b)); "conduct or participate . . . in the conduct" of an enterprise (§ 1962(d)); or "conspire" to violate subsection (a), (b), or (c) (§ 1962(d)). Plaintiff seeks recovery under all four subsections.

Defendants argue that Count 1 fails to state a claim under the RICO statute for several reasons, including a failure adequately to allege a "pattern of racketeering activity," or injury to business and property by reason of a violation of the statute. In response to Defendants' argument, Plaintiff merely states, in conclusory fashion, "RICO Claims - Sufficient Facts Pleaded To State The Claims To Relief Plausible" under the four subsections of 18 U.S.C. § 1962. He then restates a series of allegations from the Amended Complaint (ECF No. 3) in single-spaced blocks of text without providing pin cites to a specific paragraph or page in the affirmative pleading. *See* ECF No. 61 at 21-24.

### C. Plaintiff Lacks Standing Under the RICO Statute

15

(5:10CV0033)

Additionally, Plaintiff lacks standing to bring a RICO claim for wrongs that injured his business, Somya Inc. The alleged "particularized" harm, if any, would be Somya Inc.'s, while any loss of money to Plaintiff as the sole shareholder of Somya Inc. is indirect and does not qualify for Article III standing. *See* _Frank v. D'Ambrosi._, 4 F.3d 1378, 1385 (6th Cir. 1993) (finding no standing for RICO claims brought by shareholder- employee where the company suffered the alleged injuries). Therefore, Counts 1 and 11 (for "derivative liability") are dismissed.

Finally, Plaintiff asserts, without citing any authority, that Defendants' trademarks may be enjoined from use as part of the "dissolution or reorganization of the enterprise." *See* ECF No. 58 at 27. Dr. Prakash alleged this as part of his "recovery" pursuant to 18 U.S.C. § 1964(a). *See* ECF No. 3 at ¶ 328. The Court finds Plaintiff's assertion is moot because Plaintiff does not have standing to assert RICO claims.

### D. Counts 2, 3 and 11 Are Dismissed Because Members of a Corporate Family Cannot be Held Liable For Conspiracy Under the Antitrust Laws

Counts 2 and 3 allege a conspiracy "in restraint of trade" among related actors with a unitary purpose, ECF No. 3 at ¶ 222, which cannot be the foundation of an actionable antitrust claim. The seminal case on this topic is _Copperweld v. Independence Tube Corp._, 467 U.S. 752 (1984), which held that the coordinated acts of a parent, such as Defendant Imperial Tobacco Group PLC, and its wholly owned subsidiaries cannot, in the legal sense contemplated by the Sherman Act, constitute a combination or conspiracy. _Id._ at 771. Joinder of the individual defendants does not rescue Plaintiff's fatally defective antitrust claims. _Id._ at 769 ("officers or employees of the same firm do not provide the plurality of actors imperative for a § 1

16

(5:10CV0033)

conspiracy"). Neither does adding agents of a company who act within the scope of their agency, like Defendants Grimes & Battersby, LLP and Charles W. Grimes, help Plaintiff state an antitrust conspiracy claim on which relief can be granted. *Nelson Radio & Supply Co. v. Motorola, Inc., 200 F.2d 911, 914 (5th Cir. 1952)* (explaining that "[i]t is basic in the law of conspiracy that you must have two persons or entities to have a conspiracy. A corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation").

### E. Counts 2-4 and 11 Lack the Specificity Required to State Plausible Antitrust Offenses Under Clearly Established Supreme Court Precedent

Count 2 falls under § 1 of the Sherman Act, which prohibits conspiracies "in restraint of trade or commerce among the several States, or with foreign nations." 15 U.S.C. § 1. Count 3 alleges that "Defendants attempted to monopolize and conspired to monopolize with a specific intent of achieving a monopoly in the trade or commerce in the relevant market for cigars and alternate smokes among the several States in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2." ECF No. 3 at ¶ 224. In Count 4, Plaintiff alleges "exclusionary, predatory and anticompetitive acts and strategies" in violation of 15 U.S.C. §§ 12-27. ECF No. 3 at ¶ 239. Finally, Count 11 asserts that Individual Defendants have "derivative liability" for the corporate defendants' violation of the antitrust laws. ECF No. 3 at 71-72.

Plaintiff's Amended Complaint (ECF No. 3) attempts to establish a Sherman Act violation by alleging an express agreement to restrain trade, and therefore must "'plausibly suggest[ ],' rather than be 'merely consistent with,' an agreement to restrain trade in violation of the Sherman Act." *Watson Carpet & Floor Covering, Inc. v. Mohawk Industries, Inc., 648 F.3d*

17

(5:10CV0033)

452, 457 (6th Cir. 2011) (quoting *In re Travel Agent Com'n Antitrust Litig.*, 583 F.3d 896, 908

(6th Cir. 2009)).  To survive a motion to dismiss, these allegations must be specific enough to

establish the relevant "who, what, where, when, how or why." *Total Benefits Planning Agency,*

*Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 437 (6th Cir. 2008) (internal quotation

marks omitted).  Furthermore, they must "specify how [each] defendant [was] involved in the

alleged conspiracy." *In re Travel Agent Com'n Antitrust Litig.*, 583 F.3d at 905.

Plaintiff's allegations in the case at bar fall well short of this pleading threshold.  He does

not allege a single fact concerning the existence of an actual agreement, when such a purported

agreement was entered into, or which of the defendants specifically entered into such an

agreement.  Even the allegations of the purpose and scope of the supposed conspiracies, *see* ECF

No. 3 at ¶¶ 218, 232, and 242, are vague.  The Court concludes that Counts 2-4, and 11 will be

dismissed because they lack the specificity required to support a claim that the antitrust laws

were violated.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 565 n.10 (2007) (explaining

that the plaintiff's failure to allege a "specific time, place, or person involved in the alleged

conspiracies" left "no clue as to which of the [defendants] (much less which of their employees)

supposedly agreed, or when and where the illicit agreement took place").

## F. *Plaintiff Lacks Standing to Bring the Antitrust Claims in Counts 2-4 and 11*

Additionally, Plaintiff, as the sole shareholder of Somya Inc., lacks standing to bring the

antitrust claims in Counts 2-4 and 11.  Nor has Plaintiff asserted any consumer injury.  Plaintiff

asserts that he "has sufficiently alleged this antitrust injury" at ¶ 246 of the Amended Complaint

18

(5:10CV0033)

(ECF No. 3).  ECF No. 58 at 23.  But, this allegation does not state how consumers have been injured.

Finally, Plaintiff's reliance on the antitrust laws to assert that the Court can order cancellation of all Defendants' trademarks or enjoin Defendants from their use is unwarranted. The Court also finds Plaintiff's assertion is moot because he does not have standing to bring the antitrust claims.

### G.  Counts 5 and 6 Are Dismissed as to All Defendants for Failure to State a Claim

The status of Somya Inc. has changed during the pendency of the case at bar.  It was alleged in the Amended Complaint (ECF No. 3) that Somya Inc. "used the mark TREAT *exclusively* in production and selling of herbal, non-tobacco smokes" *Id.* at ¶ 33 (emphasis added).  Plaintiff now alleges in ECF No. 58 at 19 and ECF No. 58-1 at ¶ 5 that Somya Inc. is the "non-exclusive licensee" of the TREAT trademark.  According to Defendants, "this alleged change from exclusive licensee to non-exclusive licensee is an attempt to try to circumvent the right that Somya Inc. would have as the exclusive licensee to sue under [the] Lanham Act §43(a) for the alleged unfair competition claims, Counts 5 and 6 of the Complaint."  ECF No. 65 at 15. *See Frisch's Restaurants, Inc. v. Elby's Big Boy of Steubenville, Inc.*, 670 F.2d 642, 649 (6th Cir. 1982) (holding that the plaintiff, an exclusive licensee of the mark, had standing to bring a claim under § 43(a)).  Whether Somya Inc. is an exclusive or non-exclusive licensee, the Court finds that Plaintiff still lacks standing under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

19

(5:10CV0033)

because Counts 5 and 6 do not allege how Plaintiff, an individual who is not a competitor of

Defendants, himself would be commercially injured.[9]

Counts 5 and 6 of the Amended Complaint (ECF No. 3) are captioned "False

Representation and Source of Origin" and "Deceptive Advertising" under Section 43(a). They

allege that Defendants have made statements falsely associating their cigars with authentic Dutch

or Cuban cigars in an effort to divert customers.

A party must plead and prove the following to recover on a claim for false advertising

under Section 43(a) the Lanham Act, 15 U.S.C. § 1125(a):

> (1) the defendant has made false or misleading statements of fact concerning his
> product or another's; (2) the statement actually or tends to deceive a substantial
> portion of the intended audience; (3) the statement is material in that it will likely
> influence the deceived consumer's purchasing decisions; (4) the advertisements
> were introduced into interstate commerce; and (5) there is some causal link
> between the challenged statements and harm to the plaintiff.

*Herman Miller, Inc. v. Palazzetti Imports and Exports, Inc.*, 270 F.3d 298, 323 (6th Cir. 2001)

(citation omitted). Defendants argue that Somya Inc., which is not alleged to be selling a product

of authentic Dutch or Cuban origin, has no standing to make the Lanham Act claims set forth in

Counts 5 and 6. Plaintiff never actually addresses the substance of Defendants' argument at ECF

No. 26-1 at 50-53 in any respect. The Court concludes that Counts 5 and 6 fail to state a claim

upon which relief can be granted because the Amended Complaint (ECF No. 3) (1) does not

allege facts to support a causal link between the challenged statements and harm to Somya Inc.

---

[9] Nor does Plaintiff have standing for his state law claims (Counts 8, 9, and 10)
and Count 11 to the extent that the "derivative liability" against Individual Defendants is
based on the Lanham Act.

20

(5:10CV0033)

and (2) does not identify specific false statements or instances in which individual consumers have been misled in their product purchases.

### H. To the Extent That Counts 1-4 and 8-11 are Based on the Cease-and-Desist Letters or the Opposition Proceedings before the Trademark Trial and Appeal Board of the PTO, No Liability Attaches Because They Concern Privileged Conduct

Actions taken to protect trademark rights are privileged, and the defendants who take those actions cannot be held liable for them. *Weber v. National Football League*, 112 F.Supp. 2d 667, 672-73 (N.D. Ohio 2000) (legal efforts taken to protect trademark rights do not violate antitrust laws).

Litigation privilege, and its antitrust counterpart, the *Noerr-Pennington* doctrine, immunize Defendants from federal or state liability based on their trademark enforcement efforts. *Noerr-Pennington* immunity[10] requires dismissal of the claims for violation of the Sherman Act and Clayton Act set forth in Counts 2, 3, and 4, to the extent that they are based upon the cease-and-desist letters or the Opposition Proceedings. Furthermore, the Court concludes that the conclusory allegations at ¶¶ 219, 236, and 244 of the Amended Complaint (ECF No. 3) with respect to the "sham litigation" exception to *Noerr-Pennington* immunity are insufficient to survive the Rule 12(b)(6) motion. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

Similarly, the state law claims in Counts 8-10 are barred by the litigation privilege. Trademark policing activities also cannot form the basis for any of Plaintiff's state law claims.

---

[10] *Noerr-Pennington* immunity principles are derived from the holdings of the United States Supreme Court in *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961), and *United Mine Workers v. Pennington*, 381 U.S. 657 (1965).

(5:10CV0033)

The doctrine of absolute privilege in a judicial proceeding asserts that a statement made during litigation related activities is not actionable where the statement bears "some reasonable relation" to the matters at hand. *Surace v. Wuliger*, 25 Ohio St.3d 229, 233 (1986) (holding that statements in a written pleading are absolutely privileged). The doctrine of absolute privilege extends to communications that occur at "every step in the proceeding, from beginning to end." *M.J. DiCorpo, Inc. v. Sweeney*, 69 Ohio St.3d 497, 506 (1994) (citation omitted). Whether this privilege applies in a given case is a question of law for the Court. *Surace*, 25 Ohio St.3d at 233; *Theiss v. Scherer*, 396 F.2d 646, 650 (6th Cir. 1968).

The Court holds that the absolute privilege extends to Defendants' statements made in the cease-and-desist letters and during the Opposition Proceedings. *See Baldwin v. adidas America, Inc.*, No. 2:02-cv-00265-JLG-TPK, 2002 WL 2012562, at *3 (S.D. Ohio July 29, 2002) (applying litigation privilege to statements made in petition for cancellation of trademark before Trademark Trial and Appeal Board).

Nothing in ECF No. 61 at 25-26 changes the Court's conclusion in this regard.

### I. Counts 8, 9, and 10 Are Dismissed Because They Suffer From the Same Pleading Deficiencies as Counts 2-6

Counts 8, 9, and 10, which conclusorily allege violations of state unfair competition laws, *see* ECF No. 3 at ¶¶ 305, 308, and 310, suffer from the same pleading deficiencies as the antitrust claims in Counts 2-4 and the Lanham Act claims in Counts 5-6.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Twombly*, 550 U.S. at 564. A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*,

22

(5:10CV0033)

556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Twombly,* 550 U.S. at 556. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557 (brackets omitted).

Despite Plaintiff's arguments to the contrary, *see* ECF No. 61 at 26-27, Counts 8, 9, and 10 of the Amended Complaint (ECF No. 3) do not contain allegations reasonably suggesting Plaintiff might have valid claims for unfair competition under state law, violation of Ohio Rev. Code § 4165.02, or interference with prospective economic advantage.

In addition, to the extent that Counts 8 and 9 are intended to characterize, as violations of state law, the facts alleged in Counts 5 and 6 as Lanham Act violations, they are subject to dismissal for the same reasons that Counts 5 and 6 fail. Ohio courts recognize that the evaluation of a claim for violation of Ohio's unfair competition laws (Count 8) or of Ohio Rev. Code §

23

(5:10CV0033)

4165.02, the Uniform Deceptive Trade Practices Act as adopted in Ohio (Count 9), involves

"essentially the same analysis as that applied in assessing unfair competition under the federal

statutes." *Cesare v. Work*, 36 Ohio App.3d 26, 28 (Ohio Ct. App. 1987), citing *Jewel*

*Companies, Inc. v. Westhall Co.*, 413 F. Supp. 994, 999 (N.D. Ohio 1976), *aff'd* 575 F.2d 1176

(1978).

### J. Count 11

Count 11, which alleges that Individual Defendants have "derivative liability" for

violations of RICO, the Sherman Act, and the Lanham Act by their employers, alleges:

> 1. that Individual Defendants "engaged in the alleged [unspecified] unlawful conduct in [a] representative capacit[y]." ECF No. 3 at ¶ 312.
>
> 2. that unspecified but "aforedescribed unlawful activities by corporate defendants arose within the course and scope of the employ and/or agency of the aforementioned individual defendants." ECF No. 3 at ¶ 313.
>
> 3. that "[a]ll defendants violated 18 U.S.C. § 2 by seeking to aid and abet and aiding and abetting a scheme to violate 18 U.S.C. §§ 1962(a), (b), (c) and (d) [RICO]; 15 U.S.C. §§ 1, 2, 12-27 [antitrust laws]; and 15 U.S.C. § 1125(a) [Lanham Act]." ECF No. 3 at ¶ 314.
>
> 4. that "[a]ll defendants aided and abetted each other," "attempt[ed] to derive substantial income and proceeds through the above-described patterns of racketeering activities" and other alleged violations of law, and intended to invest in and or participate in conducting the affairs of a RICO enterprise. ECF No. 3 at ¶ 315.

Count 11 fails because the underlying claims fail for the reasons set forth above and because

there are no allegations that any of Individual Defendants personally participated in the alleged

wrongs.

24

(5:10CV0033)

### K.  Count 7 is Dismissed Because Plaintiff Has No Standing to Seek Cancellation of Any Mark Except Dutch Treats, and This Court Lacks Subject Matter Jurisdiction of That Freestanding Claim

After taking into account Plaintiff's lack of standing to assert Counts 1-6 and 8-11 of the

Amended Complaint (ECF No. 3), and the failure of any of these counts to state a claim upon

which relief can be granted, only Count 7 remains.  Yet, Count 7 too, must be dismissed because

this Court lacks subject matter jurisdiction of the claims it asserts.  Count 7 seeks the cancellation

of the U.S. registration of 56 marks belonging to Defendants Cuban Cigar Brands, N.V. or Max

Rohr, Inc. pursuant to Section 38 of the Lanham Act, 15 U.S.C. § 1120.[11]  Those portions of

Count 7 concerning marks other than DUTCH TREATS are dismissed because Plaintiff has not

pled a "case or controversy" under Article III of the United States Constitution between himself

and Defendants Cuban Cigar Brands, N.V. or Max Rohr, Inc. concerning those marks.

Standing has three constitutional elements.  A plaintiff seeking to invoke a federal court's

jurisdiction must show:

> (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b)
> actual or imminent, not conjectural or hypothetical; (2) the injury is fairly
> traceable to the challenged action of the defendant; and (3) it is likely, as opposed
> to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000);

accord *Bennett v. Spear*, 520 U.S. 154, 167 (1997); *Lujan v. Defenders of Wildlife*, 504 U.S. 555,

---

[11]  47 allegedly "Cuban" marks; three other "Cuban" marks– ROYAL CUBAN,
ROYAL HAVANA and HAVANA SWEETS; four DUTCH MASTERS marks;
DUTCHIES; and, DUTCH TREATS.

(5:10CV0033)

560-61 (1992). All three elements are an "irreducible constitutional minimum," and failure to show any one results in a failure to show standing. *Defenders of Wildlife*, 504 U.S. at 560.

It is apparent that Plaintiff has no personal interest in the outcome of the requested cancellations of the marks other than DUTCH TREATS, or a reasonable basis for the belief that he has been or will be damaged by registration of the marks. Plaintiff has not alleged such an "injury in fact" in the Amended Complaint (ECF No. 3). *Bennett*, 520 U.S. at 167, citing *Defenders of Wildlife*, 504 U.S. at 560-61. Moreover, the mark that he seeks to register is TREAT. The word formative "TREAT" does not even appear in 55 of the 56 registrations Plaintiff seeks to cancel. Once these aspects of Count 7 are dismissed, the only claim remaining before the Court is Plaintiff's claim against Defendant Max Rohr, Inc. for the cancellation of the registration of DUTCH TREATS. Even if this claim were not already pending before the PTO, this Court lacks subject matter jurisdiction of a case consisting solely of a claim for cancellation of a mark.

Next, the Court finds Plaintiff does not have standing to petition to cancel 55 of the 56 trademarks under the Lanham Act. Under the Lanham Act, a party "who believes that he is or will be damaged . . . by the registration of a mark on the principal register" may petition to cancel the registration under 15 U.S.C. § 1064. For a court to grant cancellation of the registration, the petitioning party must demonstrate that he has standing and that valid grounds for cancellation exist. *Cunningham v. Laser Golf Corp.*, 222 F.3d 943, 945 (Fed. Cir. 2000) ("Standing . . . requires only that the party seeking cancellation believe that it is likely to be damaged by the registration."). A party seeking cancellation must satisfy two judicially-created requirements:

26

(5:10CV0033)

the petitioner must show (1) a "real interest" in the proceedings and (2) a "reasonable" basis for

the belief that the challenged mark has caused or will cause damage. *Ritchie v. Simpson.* 170

F.3d 1092, 1095 (Fed. Cir. 1999). To show a real interest, the petitioner must "have a direct and

personal stake in the outcome" of the cancellation. *Id.* Standing will not be granted to "'mere

intermeddlers' who do not raise a real controversy . . . ." *Id.* With regard to the 55 trademarks

other than DUTCH TREATS (owned exclusively by Defendant Max Rohr, Inc.), it is clear that

Plaintiff has not alleged a "personal stake" or a real commercial interest in their cancellation or

any explanation of how these registrations damage him. *Id.*

After this Court has dismissed Counts 1-6 and 8-11 for lack of standing and failure to

state a claim, and has dismissed those portions of Count 7 that relate to marks in which Plaintiff

has no personal stake or real commercial interest, the only claim would be against Defendant

Max Rohr, Inc. and the DUTCH TREATS trademark for cancellation of the registration under

the Lanham Act. In this event, this count cannot be the sole basis for federal jurisdiction. *See*

*Toytrackerz LLC v. Koehler,* No. 08-2297-GLR, 2011 WL 3702970, at *4 (D. Kan. March 25,

2011) ("A court is empowered by 15 U.S.C. § 1119 to order the cancellation of a trademark

registration when there is some independent basis for federal jurisdiction apart from the

cancellation claim."). As stated in *Universal Sewing Mach. Co. v. Standard Sewing Equip.*

*Corp.,* 185 F.Supp. 257, 260 (S.D.N.Y. 1960):

> [The Court does not agree] that an original suit may be instituted by one in the
> position of the present plaintiff, in the district court for cancellation of another's
> federal registration where no other basis for jurisdiction is present. . . . *In our view*
> *§ 37 assumes a properly instituted and otherwise jurisdictionally supportable*
> *action involving a registered mark. That not being the case here, we are without*

27

(5:10CV0033)

>*jurisdiction of the subject matter and upon that ground we must dismiss the*
>*complaint.* (Emphasis added.)

*See also* J. Thomas McCarthy, 5 *McCarthy on Trademarks and Unfair Competition* § 30:110

(4th ed.). Therefore, if the only claim remaining in the case at bar following resolution of the

within Joint Motion to Dismiss against Plaintiff is one for cancellation of the federal trademark

registration of DUTCH TREATS, that claim must be dismissed.[12]

Finally, absent an independent basis for federal jurisdiction, Plaintiff must first exhaust

his administrative remedies before resorting to the courts. The dismissal of Plaintiff's claim for

cancellation of the registration of DUTCH TREATS leaves Plaintiff to litigate that claim where

he first filed it, before the Trademark Trial and Appeal Board in the PTO. *Universal Sewing*

*Mach. Co.,* 185 F.Supp. at 259-60; *see also Merrick v. Sharp & Dohme, Inc.,* 185 F.2d 713, 717

(7th Cir. 1950) (noting that "[t]he courts of the United States have no jurisdiction over

registration proceedings except that appellate jurisdiction given them by the Trade–Mark Act").

To the extent that Plaintiff's claim for cancellation of the U.S. registration of the marks in

Count 7 is akin to a claim for declaratory judgment, it is recognized that a declaratory judgment

claim too should not be used to preempt agency action. As the Supreme Court stated:

>[T]he declaratory judgment procedure will not be used to pre-empt and prejudge
>issues that are committed for initial decision to an administrative body or special
>tribunal. . . . Responsibility for effective functioning of the administrative process
>cannot be thus transferred from the bodies in which Congress has placed it to the
>courts.

---

[12] Plaintiff's only argument in opposition is merely to recite the language of 15
U.S.C. § 1119. *See* ECF No. 58 at 28.

28

(5:10CV0033)

*Public Service Comm'n v. Wycoff Co.*, 344 U.S. 237, 246-47 (1952). *See also* J. Thomas McCarthy, 6 *McCarthy on Trademarks and Unfair Competition* § 32:53 (4th ed.) ("an applicant whose mark is opposed before the Trademark Board, or a registrant whose mark is attacked for cancellation before the Trademark Board, cannot short-circuit the administrative process by filing suit for declaratory judgment in the federal courts."). The parties may now resume their trademark Opposition Proceeding before the Trademark Trial and Appeal Board of the PTO.

## XI.

Plaintiff bears the burden of setting forth a *prima facie* showing of personal jurisdiction over a defendant. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991); *Hitachi Medical Systems America, Inc. v. Branch*, No. 5:09CV1575, 2010 WL 816344, at *2 (N.D. Ohio March 4, 2010). A plaintiff, seeking to hail a foreign defendant into a distant forum, bears an initial burden of pleading jurisdiction. "He must allege in his pleading the facts essential to show jurisdiction. If he fails to make the necessary allegations he has no standing." *McNutt v. General Motors*, 298 U.S. 178, 189 (1936).

The Court may consider all documents attached to the Amended Complaint (ECF No. 3), or referred to and relied upon by it, without converting a motion to dismiss to one for summary judgment. *Mengel Co. v. Nashville Paper Prods. & Specialty Workers Union*, 221 F.2d 644, 647 (6th Cir. 1955).

More than 13 years ago, Defendant MacAndrews & Forbes Holdings Inc. had an interest in Consolidated Cigar Corporation. Plaintiff alleges that Defendant Ronald O. Perelman owns Defendant MacAndrews & Forbes Holdings Inc. and that MacAndrews & Forbes owned

(5:10CV0033)

Consolidated Cigar Corporation during two different time periods, the last ending in January 1999. ECF No. 3 at ¶¶ 26 and 27. Consolidated Cigar Corporation was allegedly the parent of Defendants Max Rohr, Inc. and Cuban Cigar Brands, N.V. _Id._ at ¶ 65. In January 1999, however, Defendant MacAndrews & Forbes Holdings Inc. sold Consolidated Cigar Corporation to Société Nationale D'Exploitation Industrielle des Tabacs et Allumettes ("SEITA"). _Id._ at ¶ 26; Declaration of Steven Fasman (ECF No. 27-3) at ¶ 4. Consolidated Cigar Corporation was allegedly the predecessor of Defendant Altadis U.S.A. Inc. ECF No. 3 at ¶ 26. The Amended Complaint (ECF No. 3) alleges that Defendant MacAndrews & Forbes Holdings Inc. is the "successor" in interest to Consolidated Cigar Corporation and, therefore, is subject to "RICO successorship liability." _Id._ at ¶ 66.

Neither Defendant Ronald O. Perelman nor Defendant MacAndrews & Forbes Holdings Inc. has any Ohio contacts on which personal jurisdiction can be based. Defendant Ronald O. Perelman, who is the Chairman and Chief Executive Officer of Defendant MacAndrews & Forbes Holdings Inc., is a New York resident. Declaration of Ronald O. Perelman (ECF No. 27-2) at ¶¶ 1-2. Defendant MacAndrews & Forbes Holdings Inc. is a holding company, incorporated in Delaware, with its offices in New York. ECF No. 27-3 at ¶¶ 2-3. Defendants Ronald O. Perelman and MacAndrews & Forbes Holdings Inc. do not have, and have never had, any offices or places of business in the state of Ohio, nor have they ever stationed any employees, sales representatives, or agents in the state of Ohio. ECF No. 27-2 at ¶¶ 5, 9, and 11-12; ECF No. 27-3 at ¶¶ 9- 12. Furthermore, neither has entered into a contract in the state of Ohio, sold goods or services in the state of Ohio, or derived substantial revenue from goods consumed in the

30

(5:10CV0033)

state of Ohio. ECF No. 27-2 at ¶¶ 6-8 and 14-15; ECF No. 27-3 at ¶¶ 5-8 and 12. As a holding

company, Defendant MacAndrews & Forbes does not derive operational revenues as a result of

any contacts in Ohio. ECF No. 27-3 at ¶ 12.

Since 1999, neither Defendant Ronald O. Perelman nor Defendant MacAndrews &

Forbes Holdings Inc. has had any interest in any business that sells tobacco products, or any

connection to Defendant Imperial Tobacco Group PLC, or any of its subsidiaries, their

employees or the agents sued in this case. *See* ECF No. 27-2 at ¶ 4; ECF No. 27-3 at ¶ 4.

## A. This Court Lacks Personal Jurisdiction Over Defendants Ronald O. Perelman and MacAndrews & Forbes Holdings Inc.

Defendants Ronald O. Perelman and MacAndrews & Forbes Holdings Inc. argue that

Plaintiff has failed to meet his *prima facie* burden of showing personal jurisdiction because there

are no allegations in the Amended Complaint (ECF No. 3) that support personal jurisdiction over

them. Assuming *arguendo* that the Amended Complaint (ECF No. 3) does include such

allegations, a federal court may exercise personal jurisdiction over defendants outside the forum

state only pursuant to an applicable federal statute that provides for service of process outside

this state or Ohio's long-arm statute, Ohio Rev. Code Ann. § 2307.382. *Robert J. Kwait &*

*Assocs. v. Health-Mark Diagnostics, L.L.C.,* No. 1:97-CV-512, 1998 U.S. Dist. LEXIS 22880, at

*4-5 (N.D. Ohio Feb. 23, 1998). Nationwide service of process may be effected in a civil RICO

action pursuant to 18 U.S.C. § 1965(b) and (d). Worldwide service of process may be effected in

an antitrust case pursuant to the Clayton Act.[13] According to Defendants Ronald O. Perelman

---

[13] The Clayton Act contains a provision that authorizes service of process on a

(continued...)

31

(5:10CV0033)

and MacAndrews & Forbes Holdings Inc., neither has any contacts with Ohio sufficient to

support personal jurisdiction under any federal statute that Plaintiff invokes or under the Ohio

long-arm statute. Finally, even if these statutory tests could be met, the Fourteenth Amendment

must still be satisfied, and in the case at bar, Defendants Ronald O. Perelman and MacAndrews

& Forbes Holdings Inc. contend that neither has the minimum contacts with Ohio that would

allow a suit to be brought here.

### 1. *The RICO Statute Cannot be Used to Establish Personal Jurisdiction Over Defendants Ronald O. Perelman and MacAndrews & Forbes Holdings Inc. Because Plaintiff's RICO Allegations Fail to State a Justiciable Claim*

Whether a plaintiff can rely on the nationwide service provisions of a federal statute

"[d]epends upon whether [he] has adequately stated a claim" for a violation of that statute.

*United Liberty Life Ins. Co. v. Ryan*, 985 F.2d 1320, 1330 (6th Cir. 1993); *accord Med. Mut. of*

*Ohio v. deSoto*, 245 F.3d 561, 566–68 (6th Cir. 2001) (concluding that the federal statute

providing for nationwide service of process requires a determination only that a party has

contacts with the United States, not a particular state, for personal jurisdiction). As detailed in

Section X, Part B, Plaintiff has failed to state a RICO claim on which relief can be granted. For

that reason, he cannot utilize RICO's nationwide service provision to secure personal jurisdiction

over Defendants Ronald O. Perelman and MacAndrews & Forbes Holdings Inc. *See, e.g.,*

*Williams v. D. Richey Management Corp.*, No. 87 C 6398, 1988 WL 8983, at *2 (N.D.Ill. Jan.

---

[13](...continued)

corporate defendant in any judicial district in which the defendant may be found, 15 U.S.C.A. § 22, but that section contains no provision authorizing service on individual defendants. *Brink's Mat Ltd. v. Diamond*, 906 F.2d 1519, 1522 (11th Cir. 1990).

(5:10CV0033)

28, 1988) (declining to assert personal jurisdiction pursuant to nationwide-service provision of RICO where "plaintiff's RICO allegations fail[ed] to state a claim upon which relief may be granted").

### 2. *Plaintiff Cannot Establish Personal Jurisdiction Over Defendants Ronald O. Perelman and MacAndrews & Forbes Holdings Inc. Under the Antitrust Laws*

As discussed in Section X, Parts D and E, Plaintiff has failed to state an antitrust claim on which relief can be granted. Furthermore, none of the provisions of the Clayton Act that Plaintiff invokes—15 U.S.C. § 5, 15 U.S.C. § 15, 15 U.S.C. § 22, and 15 U.S.C. § 24—establish personal jurisdiction over either Defendant Ronald O. Perelman or Defendant MacAndrews & Forbes Holdings Inc. 15 U.S.C. § 5 applies only to claims brought by the United States. *Georgia v. Pennsylvania Railroad*, 324 U.S. 439, 466-467 (1945). Because Plaintiff did not and cannot allege that Defendant Ronald O. Perelman or Defendant MacAndrews & Forbes Holdings Inc. have the connection to Ohio required for proper venue under 15 U.S.C. § 15, they cannot be compelled to litigate in the Northern District of Ohio and must be dismissed for improper venue. *See Braun v. Berenson*, 432 F.2d 538, 544 (5th Cir. 1970); *Redmond v. Atl. Coast Football League*, 359 F. Supp. 666, 671 (S.D. Ind. 1973), *aff'd* 478 F.2d 1405 (7th Cir. 1973). *See also Pocahontas Supreme Coal Co., Inc., v. National Mines Corp.*, 90 F.R.D. 67, 69-70 (S.D.N.Y. 1981) (holding that the individual defendant did not reside in New York because he was a

33

(5:10CV0033)

Kentucky resident). Notwithstanding the provisions of 15 U.S.C. § 22,[14] Defendant

MacAndrews & Forbes Holdings Inc. cannot be sued in Ohio because it cannot be found in Ohio.

There is no allegation in the Amended Complaint (ECF No. 3) that Defendant MacAndrews &

Forbes Holdings Inc. did anything in Ohio, and Defendant MacAndrews & Forbes Holdings

Inc.'s assertion that it cannot be found in Ohio is not refuted. Therefore, the venue provision is

not satisfied. Finally, 15 U.S.C. § 24 cannot provide personal jurisdiction because Defendant

Ronald O. Perelman does not have minimum contacts with Ohio. *Sullivan v. Tagliabue*, 785 F.

Supp. 1076, 1082 (D.R.I. 1992). Neither the theory of general jurisdiction, *Schultz v. Szott*,

No. 3:08CV2718, 2009 WL 2392912, at *8 (N.D. Ohio July 31, 2009), or specific jurisdiction,

*Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1116 (6th Cir. 1994), supports a claim

for personal jurisdiction over him. *See* Section XIV, Part B(3) and (4), *infra*.

### 3. Plaintiff Cannot Satisfy the Ohio Long-Arm Statute for His Lanham Act and State Law Claims

Unlike RICO and the antitrust laws, the Lanham Act does not have a provision that

permits service of process outside the forum state. To establish personal jurisdiction of an

out-of-state defendant for a Lanham Act claim, a plaintiff must rely on the long-arm statute of the

---

[14] 15 U.S.C. § 22 provides:
Any suit, action, or proceeding *under the antitrust laws* against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found (emphasis added).
Although this statute provides for nationwide service of process, "proper venue is still required in order to confer personal jurisdiction." *Hyland v. Homeservices of America, Inc.*, No. 3:05 CV 612 R, 2007 WL 1959158, at *3 (W.D.Ky. June 28, 2007).

(5:10CV0033)

forum state. *See generally* 15 U.S.C. §§ 1051-1141. "When considering whether to exercise jurisdiction over a non-resident defendant in a diversity case, or in a case where federal subject matter jurisdiction exists but the federal statute does not provide for service of process, a federal court must apply the law of the forum state in which it sits." *Robert J. Kwait & Assocs.*, 1998 U.S. Dist. LEXIS 22880, at *4-5.

A federal district court may exercise personal jurisdiction only if the requirements of both the state long-arm statute and constitutional due process are met. *See Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000); *Reynolds*, 23 F.3d at 1115. *See also Goldstein v. Christiansen*, 70 Ohio St.3d 232, 235 (1994) ("When determining whether a state court has personal jurisdiction over a nonresident defendant, the court is obligated to (1) determine whether the state's 'long-arm' statute and the applicable Civil Rule confer personal jurisdiction, and if so, (2) whether granting jurisdiction under the statute and rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution."). Neither is true in the case at bar. The provisions of the Ohio long-arm statute that Plaintiff invokes– Ohio Rev. Code § 2307.382(A)(3) and (7)[15]– do not support the assertion of personal jurisdiction over Defendant Ronald O. Perelman, a New York resident, or Defendant

---

[15] Ohio courts are deemed to have personal jurisdiction over a person "as to a cause of action arising from the person's . . . [c]ausing tortious injury by an act or omission in" Ohio or from the person's "[c]ausing tortious injury to any person by a criminal act, any element of which takes place in [Ohio], which he commits or in the commission of which he is guilty of complicity."

Plaintiff merely recites the language from § 2307.382(A)(7) in ¶ 15 of the Amended Complaint (ECF No. 3), rather than allege specific facts concerning any alleged criminal act or element thereof that took place in Ohio.

35

(5:10CV0033)

MacAndrews & Forbes Holdings Inc., a Delaware corporation. These claims must be dismissed because Plaintiff cannot meet his burden to establish such jurisdiction. *Nationwide Mut'l Ins. Co. v. Tryg Int'l Ins. Co., Ltd.*, 91 F.3d 790, 793 (6th Cir. 1996). Moreover, the "absent co-conspirator" doctrine alleged at ¶ 13 of the Amended Complaint (ECF No. 3) is not recognized as a means for establishing personal jurisdiction in this district. *See Hollar v. Philip Morris, Inc.*, 43 F. Supp.2d 794, 802 n.7 (N.D. Ohio 1998) ("Since personal jurisdiction must be based on the actions and contacts of the specific defendant at issue, the Court declines to apply the so called 'conspiracy theory of jurisdiction' in which the contacts of a defendant's co-conspirators with the forum state are attributed to the defendant in order to supply the minimum contacts necessary for personal jurisdiction.") (citation omitted).

### 4. *Plaintiff Cannot Satisfy the Fourteenth Amendment Due Process Requirements*

Fourteenth Amendment due process requirements are met when *in personam* jurisdiction is asserted over a nonresident defendant that has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940). Because neither Defendant Ronald O. Perelman nor Defendant MacAndrews & Forbes Holdings Inc. have–or are alleged to have–such contacts, whether related to Plaintiff's claims or otherwise, they lack the minimum contacts that would permit this Court constitutionally to exercise personal jurisdiction over either of them.

### 5. *The Alleged Inapplicability of the "Fiduciary Shield Doctrine" Does Not Confer Personal Jurisdiction Over Defendants*

36

(5:10CV0033)

Defendant Ronald O. Perelman is mentioned by name only once in <u>ECF No. 59</u> and not at all in ECF Nos. <u>60</u> and <u>61</u>, Plaintiff's memoranda in opposition. Furthermore, Defendant MacAndrews & Forbes Holdings Inc. is not mentioned by name at all in ECF Nos. <u>59</u>, <u>60</u>, and <u>61</u>.

Plaintiff argues that the "Fiduciary Shield Doctrine" is inapplicable in this Circuit and therefore, this Court has personal jurisdiction over all of Individual Defendants (including Defendant Ronald O. Perelman) and Defendant Grimes & Battersby, LLP. *See* <u>ECF No. 59 at 21-24</u>. Plaintiff appears to argue that the "individual defendants (i.e., Folz, Gershel, Colucci, Ellis, Perelman, Grimes and Rothman,) and GB (Grimes & Battersby LLC)" cannot use the corporate form of the other defendants to shield them from liability. In other words, Individual Defendants are not shielded from liability simply because their acts were undertaken in an official rather than a personal capacity.

However, the Sixth Circuit has specifically recognized that "jurisdiction over the individual officers of a corporation cannot be predicated *merely* upon jurisdiction over the corporation." *Weller v. Cromwell Oil Co.*, <u>504 F.2d 927, 929 (6th Cir. 1974)</u> (emphasis added). In *Balance Dynamics Corp. v. Schmitt Indus. Inc.*, the Sixth Circuit clarified the fiduciary shield doctrine by expressing agreement with courts that exercised personal jurisdiction over corporate officers where the officers were personal, active participants in allegedly tortious or violative conduct. <u>204 F.3d 683, 697-98 (6th Cir. 2000)</u> (citing *Chattanooga Corp. v. Klingler*, <u>704 F.2d 903, 906-907 (6th Cir. 1983)</u>; *Serras v. First Tennessee Bank N.A.*, <u>875 F.2d 1212, 1217 (6th Cir.</u>

37

(5:10CV0033)

1989)).  In other words, just because there may be personal jurisdiction over a corporation does not necessarily mean that there is personal jurisdiction over its officers and employees.

In the case at bar, Plaintiff has not sufficiently pled how Individual Defendants or Defendant Grimes & Battersby, LLP were primary participants in any alleged wrongdoing. Plaintiff states that "[t]heir intentional participation in violations is alleged in AC ¶¶ 311-314." ECF No. 59 at 22.  The Court agrees with Defendants that those allegations comprise nothing more than conclusory statements that "Defendants" (collectively) violated certain federal statutes, without explaining specifically what acts an individual defendant committed.  *See* ECF No. 64 at 13-14.  Therefore, this is not a case wherein Individual Defendants seek to be shielded from liability by the corporate form with regard to acts they committed in their official capacities. Instead, there is no credible allegation that Individual Defendants and Defendant Grimes & Battersby, LLP committed any wrongful acts in the first place.  There is simply no believable allegation that Defendant Ronald O. Perelman or any of the other Individual Defendants engaged in any wrongdoing whatsoever.

**B. The Amended Complaint (*ECF No. 3*) Fails to State a Claim Against Defendants Ronald O. Perelman and MacAndrews & Forbes Holdings Inc. Upon Which Relief Can be Granted**

As stated in Section X, Part I, a cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint."  *Twombly*, 550 U.S. at 564.  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true.  *Twombly*, 550 U.S. at

(5:10CV0033)

555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.,* 151 F.3d 559, 561 (6th Cir. 1998).

### 1. *Plaintiff's Claims Against Defendants Ronald O. Perelman and MacAndrews & Forbes Holdings Inc. Fail Because He Has Alleged No Relevant Conduct or Breach of Duty on the Part of Either Defendant*

In Plaintiff's Amended Complaint (ECF No. 3), there are no allegations of conduct by Defendants Ronald O. Perelman or MacAndrews & Forbes Holdings Inc. that violated any legal duty to Plaintiff or that injured him. The only four allegations about Defendants Ronald O. Perelman or MacAndrews & Forbes Holdings Inc. allege Perelman's ownership of MacAndrews & Forbes, its sale of Consolidated Cigar Corporation to SEITA in January 1999, and implausibly, that Defendant MacAndrews & Forbes Holdings Inc. is the "successor" in interest to Consolidated Cigar. ECF No. 3 at ¶¶ 26, 27, and 66.

### 2. *Plaintiff's Claims Against Defendants Ronald O. Perelman and MacAndrews & Forbes Holdings Inc. Are Time-Barred*

Plaintiff's claims against Defendants Ronald O. Perelman and MacAndrews & Forbes Holdings Inc. are dismissed because any applicable statutes of limitations have run. Plaintiff's claims under RICO, the Sherman Act, and the Clayton Act are subject to four-year statutes of limitations. *See Agency Holding Corp. v. Malley-Duff & Assocs., Inc.,* 483 U.S. 143, 156 (1987); 15 U.S.C. § 15b. His claims based on unfair competition and interference with prospective

(5:10CV0033)

economic advantage are barred by four-year statutes of limitations, as well. *See* <u>Ohio Rev. Code</u>

<u>§ 1331.12(B)</u>; *Cramer v. Fairfield Med. Ctr.*, 182 Ohio App.3d 653, 668 (Ohio Ct. App. 2009)

("The statute of limitations for a claim of tortious interference with contract is four years

pursuant to R.C. 2305.09(D)."). Finally, for the Lanham Act and Deceptive Trade Practices Act

claims, because there are no specific statutes of limitations, courts apply the equitable doctrine of

laches. *See* <u>*Veracity Group, Inc. v. Cooper–Atkins Corp., Inc.*, No. 1:11–cv–526, 2012 WL</u>

<u>203415, at *2 (S.D. Ohio Jan. 24, 2012)</u> ("The starting point of the laches analysis is the

analogous statute of limitations of the forum state–which is a claim of false advertising in Ohio.

Therefore, a two-year limitations period ( Ohio Rev. Code § 2305.10) applies."); *Santana Prods.,*

*Inc. v. Bobrick Washroom Equip., Inc.*, 401 F.3d 123, 140 (3rd Cir. 2005) (dismissing Lanham

Act claim based on laches). Plaintiff has alleged no conduct on the part of Defendants Ronald O.

Perelman or MacAndrews & Forbes Holdings Inc. since 1999. <u>ECF No. 3 at ¶ 26</u>. Because the

last conduct on the part of Defendants Ronald O. Perelman and MacAndrews & Forbes Holdings

Inc. was more than 13 years ago, Plaintiff's claims against them are time-barred by the applicable

statutes of limitations and by the doctrine of laches.

### XII.

Defendant Imperial Tobacco Group PLC is a corporation organized and existing under

the laws of the United Kingdom with offices in the United Kingdom. Declaration of Robert

Dyrbus (<u>ECF No. 28-2</u>) at ¶ 2. Defendant Imperial Tobacco Group PLC directly or indirectly

owns subsidiaries that have U.S. connections or operations, but Defendant Imperial Tobacco

Group PLC has, at all times, maintained a separate corporate existence and identity and has

40

(5:10CV0033)

operated solely outside the United States. *Id.* at ¶¶ 3-6. Its shares are traded in the United States

in the form of American Depositary Shares. *See* ECF No. 59 at 17 and ECF No. 64 at 12-13.

None of Defendant Imperial Tobacco Group PLC's subsidiaries, including Commonwealth

Brands, is authorized to act as Defendant Imperial Tobacco Group PLC's agent or to accept

service[16] for Defendant Imperial Tobacco Group PLC. *Id.* at ¶¶ 4 and 9. Defendant Imperial

Tobacco Group PLC has no office or place of business in Ohio or elsewhere in the United States.

*Id.* at ¶ 8. Defendant Imperial Tobacco Group PLC has no employees that reside in Ohio or the

United States, and has no mailing address, or phone listing, and owns no property in Ohio or the

United States. *Id.* Defendant Imperial Tobacco Group PLC has never solicited business and has

never sold or contracted to sell any goods or services in the state of Ohio. *Id.*

### A. Plaintiff Has Failed to Meet His Burden to Establish a Prima Facie Case in Support of Personal Jurisdiction

Plaintiff makes only a single allegation of fact in the Amended Complaint (ECF No. 3) to

support a claim that the Court has personal jurisdiction over Defendant Imperial Tobacco Group

PLC, namely, that "[t]his court has personal jurisdiction over the alien defendant Imperial

Tobacco Group PLC on the basis of: . . . [the actions of] its agent subsidiaries in the United

States." ECF No. 3 at ¶ 16(d). In ¶ 30 of the Amended Complaint (ECF No. 3), Plaintiff

purports to describe Defendant Imperial Tobacco Group PLC's interest in a number of

U.S.-based subsidiaries, including Defendants Altadis U.S.A. Inc., Cuban Cigar Brands, N.V.,

---

[16] Plaintiff served a summons on Commonwealth Brands, naming it as the agent of Defendant Imperial Tobacco Group PLC for accepting service of process. ECF No. 4 at 7-8 and 26. According to Defendant Imperial Tobacco Group PLC, any assertion that Commonwealth Brands is Imperial's agent is incorrect. *See* ECF No. 28-1 at 11 n. 4.

41

(5:10CV0033)

Altadis Holdings U.S.A. Inc., Max Rohr, Inc., and 800-JR Cigar, Inc. *See also* ECF No. 3 at ¶ 77

("Imperial Tobacco Group PLC has sufficient contacts with the United States. It has several

agent subsidiaries in the U.S. that are in the same business as parent.").

Plaintiff would have the Court exercise jurisdiction over Defendant Imperial Tobacco

Group PLC because of the activity of its agent U.S.-based subsidiaries. A company does not,

however, purposefully avail itself of the privilege of conducting activities within a state merely

by owning all or some of a corporation subject to jurisdiction. *See Keeton v. Hustler Magazine,*

*Inc.*, 465 U.S. 770, 781 n. 13 (1984) (jurisdiction over a corporation does not necessarily result in

jurisdiction over holding company that owns it). Ownership of shares in a corporation located in

a particular forum is not purposeful availment of that forum. *Shaffer v. Heitner*, 433 U.S. 186,

216 (1977). Stock ownership in or affiliation with a corporation, without more, is not a sufficient

minimum contact. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1273-74 (6th Cir. 1998).

The Court finds that there is no personal jurisdiction over Defendant Imperial Tobacco Group

PLC because there is no purposeful availment by Imperial. *Id.* at 1275.

Assuming *arguendo* that the Amended Complaint (ECF No. 3) does include sufficient

allegations of jurisdictional "facts," as stated above, a federal court may exercise personal

jurisdiction over a defendant outside the forum state only pursuant to an applicable federal statute

that provides for service of process outside this state or Ohio's long-arm statute, Ohio Rev. Code

Ann. § 2307.382, and only if the exercise of such jurisdiction satisfied the Due Process Clause of

the Constitution of the United States. *Robert J. Kwait & Assocs.*, 1998 U.S. Dist. LEXIS 22880,

42

(5:10CV0033)

at *4-5. (stating that courts look to a state's long-arm statute for non-resident defendants if there is no federal statute that provides for service of process).

### B. Plaintiff Cannot Establish Personal Jurisdiction Pursuant to the Special Service Provision of RICO (18 U.S.C. § 1965(b))

The RICO statute authorizes nationwide service of process, 18 U.S.C. § 1965(b). Whether a plaintiff can rely on the nationwide service provisions of a federal statute "[d]epends upon whether [he] has adequately stated a claim" for a violation of that statute. _United Liberty Life Ins. Co._, 985 F.2d at 1330. As detailed in Section X, Part B, Plaintiff has failed to state a RICO claim on which relief can be granted. For that reason, he cannot utilize RICO's nationwide service provision to secure personal jurisdiction over Defendant Imperial Tobacco Group PLC. _See, e.g._, _Williams_, 1988 WL 8983, at *2 (declining to assert personal jurisdiction pursuant to nationwide-service provision of RICO where "plaintiff's RICO allegations fail[ed] to state a claim upon which relief may be granted").

RICO does not authorize international service of process. So, even if Plaintiff could state a RICO claim, RICO's nationwide service of process provision would not support the exercise of personal jurisdiction over Defendant Imperial Tobacco Group PLC, a company that is a resident of and is incorporated in the United Kingdom and which was served in the United Kingdom. Thus, Plaintiff must rely on Ohio's long-arm statute and constitutional due process to establish that the Court has personal jurisdiction over Defendant Imperial Tobacco Group PLC. _See Iron Workers Local Union No. 17 Ins. Fund v. Philip Morris Inc._, 23 F. Supp.2d 796, 806 (N.D. Ohio 1998) (British Defendant B.A.T. Industries dismissed for lack of personal jurisdiction from case alleging RICO and Clayton Act violations.).

43

(5:10CV0033)

## C. Plaintiff Cannot Establish Personal Jurisdiction Over Defendant Imperial Tobacco Group PLC Under the Antitrust Laws

Plaintiff cannot use the service provision in 15 U.S.C. § 22 to secure personal jurisdiction

over Defendant Imperial Tobacco Group PLC. Because Section 22, applies only to a "suit,

action, or proceeding under the antitrust laws," Plaintiff's failure to state a claim under the

antitrust laws precludes him from using the worldwide provision of 15 U.S.C. § 22 as a means to

secure personal jurisdiction over Defendant Imperial Tobacco Group PLC. See *A-DEC, Inc. v.*

*Professional Equipment Mfg. Co.*, No. 83-1118, 1983 WL 1944, at *2 (D. Or. 1983) ("[T]he

expansive venue and service of process provisions of [15 U.S.C. § 22] shall only apply to allow

for expanded personal jurisdiction as against corporations that allegedly have violated the

antitrust laws."). As discussed in Section X, Parts D and E, Plaintiff has failed to state an

antitrust claim on which relief can be granted. Furthermore, none of the provisions of the

Clayton Act that Plaintiff invokes against Defendant Imperial Tobacco Group PLC– 15 U.S.C. §

5, 15 U.S.C. § 15, or 15 U.S.C. § 22– establish personal jurisdiction over Imperial.

Section 5, 15 U.S.C. applies only to claims brought by the United States. *Pennsylvania*

*Railroad*, 324 U.S. at 466-67. 15 U.S.C. § 15(a), which authorizes a private cause of action for

"any person who shall be injured in his business or property by reason of anything forbidden in

the antitrust laws [establishes venue for such a claim in] the United States in the district in which

the defendant *resides* or *is found* or *has an agent*. . . ." (emphasis added). Defendant Imperial

Tobacco Group PLC does not reside, cannot be found,[17] and does not have an agent anywhere in

---

[17] Plaintiff agrees that Defendant Imperial Tobacco Group PLC cannot be found

(continued...)

44

(5:10CV0033)

the United States. This is conclusively established by the fact that Plaintiff was required to serve Defendant Imperial Tobacco Group PLC in the United Kingdom under Fed. R. Civ. P. 4(h). *See* Alias Summons (ECF No. 23).

Section 22, 15 U.S.C, also cannot be relied upon by Plaintiff to establish personal jurisdiction over Defendant Imperial Tobacco Group PLC because Imperial lacks the minimum contacts with the state of Ohio or the United States as a whole upon which such jurisdiction could be based. *See Plaskolite, Inc. v. Zheijiang Taizhou Eagle Mach. Co., Ltd.*, No. 08cv487, 2008 WL 5190049, at *2 (S.D. Ohio Dec. 9, 2008) (noting circuit split regarding the interaction of the Clayton Act's special venue provision and the general venue statute, 28 U.S.C. § 1391, when a plaintiff relies on 15 U.S.C. § 22 to establish personal jurisdiction). Defendant Imperial Tobacco Group PLC conducts no business, owns no property, and maintains no office in the United States. ECF No. 28-2 at ¶ 8. Although U.S. employees of Defendant Imperial Tobacco Group PLC's subsidiaries may qualify to purchase shares of Imperial's stock through its "Sharesave" plan,[18] this alone is insufficient to establish personal jurisdiction over Imperial. *See Ames v. Whitman's Chocolates, Div. of Pet, Inc.*, No. 91-3271, 1991 WL 281798 (E.D. Pa. Dec. 30, 1991) (dismissing foreign parent corporation pursuant to Fed. R. Civ. P. 12(b)(2) even though it granted stock options to Plaintiff). Finally, Plaintiff's bare conclusory allegations in the Amended Complaint (ECF No. 3) that Defendant Imperial Tobacco Group PLC conducts

---

[17](...continued)
in this district. *See* ECF No. 59 at 15.

[18] *See* ECF No. 28-2 at ¶ 7.

45

(5:10CV0033)

business within the United States are insufficient as well. *See Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1239 (6th Cir. 1981).

### D. None of the Remaining Claimed Federal Bases for Jurisdiction Over Defendant Imperial Tobacco Group PLC Apply

In ¶ 16(f)-(j) of the Amended Complaint (ECF No. 3), Plaintiff makes an obscure reference to the "effects doctrine," to extraterritorial application of the RICO statute, a section of the Code of Federal Regulations, and two sections of the United States Code, and claims that these references establish personal jurisdiction over Defendant Imperial Tobacco Group PLC. In ¶ 16(a)-(b) of the Amended Complaint (ECF No. 3), Plaintiff cites Fed. R. Civ. P. 4(k)(1)(C) as a basis to establish personal jurisdiction over Defendant Imperial Tobacco Group PLC under 18 U.S.C. § 1965(d) and 15 U.S.C. § 22.

First, the Amended Complaint (ECF No. 3) asserts that personal jurisdiction over Defendant Imperial Tobacco Group PLC exists pursuant to the "'[e]ffects doctrine,' since the foreign defendant's acts have a foreseeable impact within the United States." ECF No. 3 at ¶ 16 (f). The Sixth Circuit recently stated:

> Since Judge Learned Hand's leading opinion in *United States v. Aluminum Co. of America (Alcoa)*, 148 F.2d 416, 443 (2d Cir.1945), which proposed the need for practical limitations on the Sherman Act that would avoid global overreaching, it has been generally established that the so-called "effects test" limits the Sherman Act "to those acts (1) that 'significantly' or 'directly' affect United States commerce, or (2) that are intended to have an effect, or (3) that are both intended to have and do have such an effect." IB Phillip Areeda & Herbert Hovenkamp, *Antitrust Law* ¶ 272d, at 279–80 (3d ed.2006) (citing *Alcoa*, 148 F.2d at 443–44). These standards have since been widely incorporated into U.S. jurisprudence. Indeed, "it is well established by now that the Sherman Act applies to foreign conduct that was meant to produce and did in fact produce some substantial effect in the United States." *Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 796, 113 S.Ct. 2891, 125 L.Ed.2d 612 (1993). The Supreme Court, however, has not

46

(5:10CV0033)

> delineated the precise bounds of the effects test, and lower courts are not in
> agreement as to its exact scope. *Cf. generally Dee–K Enters., Inc. v. Heveafil*
> *Sdn. Bhd.*, 299 F.3d 281, 286 (4th Cir. 2002) (addressing the scope of the effects
> test and discussing the complexities inherent in applying the test in cases such as
> this one, which involve a "mixture of foreign and domestic elements"). . . .

*Carrier Corp. v. Outokumpu Oyj*, --- F.3d ---, Nos. 07-6052, 07-6114, 2012 WL 678151, at *4

(6th Cir. March 2, 2012) (complaint satisfied threshold jurisdictional requirement under Sherman

Act). The Amended Complaint (ECF No. 3) is utterly devoid of any specific allegations

supporting the conclusory claim that Defendant Imperial Tobacco Group PLC's actions abroad

had a substantial effect in the United States. The Amended Complaint (ECF No. 3) alleges no

such overt acts abroad and no identified effects in Ohio or even in the United States as a whole.

Moreover, Plaintiff has not alleged an action by Defendant Imperial Tobacco Group PLC that

was purposefully directed at Ohio with an intention to cause Plaintiff foreseeable harm here. *See*

*Reynolds*, 23 F.3d at 1120 (no personal jurisdiction over international athletic foundation for

publication of allegedly defamatory press release in England despite allegations of harm felt in

Ohio).

Second, as noted in Section XII, Part B, Plaintiff has failed to state a valid RICO cause of

action against Defendant Imperial Tobacco Group PLC and thus any reference to RICO as a basis

for jurisdiction also fails as a matter of law.

Third, the section of the Code of Federal Regulations that Plaintiff cites at ¶ 16(h), *i.e.*, 31

C.F.R. § 515.310(d), does not exist. The non-existent regulation that Plaintiff cites cannot

possibly establish personal jurisdiction over Defendant Imperial Tobacco Group PLC.

47

(5:10CV0033)

Fourth, Plaintiff lacks standing to assert a claim under the Helms-Burton Act, specifically 22 U.S.C. § 6082, because he never alleges that he is a United States national whose property was confiscated by the Cuban government. Thus, 22 U.S.C. § 6082 does not apply to Plaintiff's claims and it does not establish personal jurisdiction over Defendant Imperial Tobacco Group PLC.

Fifth, Plaintiff's reference to 18 U.S.C. § 1957(d)(2)[19] at ¶ 16(j) of the Amended Complaint (ECF No. 3) does not establish personal jurisdiction over Defendant Imperial Tobacco Group PLC. 18 U.S.C. § 1957 prohibits individuals and entities from "engag[ing] in a monetary transaction in criminally derived property." See 18 U.S.C. § 1957(a). 18 U.S.C. § 1957 does not apply to Defendant Imperial Tobacco Group PLC because Imperial is not a United States person. Furthermore, enforcement of 18 U.S.C. § 1957 is left to the Department of Justice, Department of the Treasury, Department of Homeland Security, and the United States Postal Service, depending on the circumstances of the infraction. See 18 U.S.C. § 1957(e).

Sixth, the reference to Fed. R. Civ. P. 4(k)(1)(C) in ¶ 16(a)-(b) of the Amended Complaint (ECF No. 3) does not establish an independent basis for personal jurisdiction. Fed. R. Civ. P. 4, entitled "Summons," deals with the service of a summons on another party.

---

[19] 18 U.S.C. § 1957(d)(2) provides:
The circumstances referred to in subsection (a) are--
* * *
that the offense under this section takes place outside the United States and such special jurisdiction, but *the defendant is a United States person* (as defined in section 3077 of this title, but excluding the class described in paragraph (2)(D) of such section) (emphasis added).

48

(5:10CV0033)

Subsection (k) sets forth the territorial limits of effective service and subsection (k)(1)(C) specifically states that personal jurisdiction is established "when authorized by a federal statute." There is no personal jurisdiction over Defendant Imperial Tobacco Group PLC pursuant to Fed. R. Civ. P. 4(k)(1)(C) because, as shown above, none of the federal statutes cited by Plaintiff establish personal jurisdiction.

Seventh, Plaintiff argues that Fed. R. Civ. P. 4(k)(2)[20] provides personal jurisdiction over Defendant Imperial Tobacco Group PLC. *See* ECF No. 59 at 18-19. In order to prove that jurisdiction is proper under Fed. R. Civ. P. 4(k)(2), (1) the plaintiff's claims must be based on federal law; (2) no state court could exercise jurisdiction over the defendants; (3) the exercise of jurisdiction must be consistent with the laws of the United States; and (4) the exercise of jurisdiction must be consistent with the Constitution." *See, Inc. v. Imago Eyewear Pty, Ltd.*, 167 Fed.Appx. 518, 521-24 (6th Cir. 2006) (holding that defendant's overall contacts with the United States did not provide sufficient contacts with the United States to satisfy due process). As detailed above, Defendant Imperial Tobacco Group PLC's contacts with the United States are minor. *See* ECF No. 28-2. The Court finds that Defendant Imperial Tobacco Group PLC does not have sufficient contacts with the United States to be hauled into Court here.

---

[20] Fed. R. Civ. P. 4(k)(2) provides:
For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
(A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
(B) exercising jurisdiction is consistent with the United States Constitution and laws.

49

(5:10CV0033)

Finally, Plaintiff contends, without providing any legal authority, that the "Corporate Disregard Doctrine" provides an additional basis for personal jurisdiction over Defendant Imperial Tobacco Group PLC. *See* ECF No. 59 at 24. The Court disregards this argument, however, because Plaintiff has not cited any case applying the "Corporate Disregard Doctrine" to establish personal jurisdiction over a defendant.

### E. *Plaintiff Cannot Satisfy the Ohio Long-Arm Statute for His RICO, Lanham Act, and State Law Claims*

Plaintiff must turn to the laws of Ohio because he cannot establish personal jurisdiction over Defendant Imperial Tobacco Group PLC under a federal statute that provides for international service of process. To establish personal jurisdiction of an out-of-state defendant for a Lanham Act claim, a plaintiff must rely on the long-arm statute of the forum state. *See generally* 15 U.S.C. §§ 1051-1141. "When considering whether to exercise jurisdiction over a non-resident defendant in a diversity case, or in a case where federal subject matter jurisdiction exists but the federal statute does not provide for service of process, a federal court must apply the law of the forum state in which it sits." *Robert J. Kwait & Assocs.*, 1998 U.S. Dist. LEXIS 22880, at *4-5.

A federal district court may exercise personal jurisdiction only if the requirements of both the state long-arm statute and constitutional due process are met. *See Calphalon Corp.*, 228 F.3d at 721; *Reynolds*, 23 F.3d at 1115. *See also Goldstein*, 70 Ohio St.3d at 235 ("When determining whether a state court has personal jurisdiction over a nonresident defendant, the court is obligated to (1) determine whether the state's 'long-arm' statute and the applicable Civil Rule confer personal jurisdiction, and if so, (2) whether granting jurisdiction under the statute and rule would

50

(5:10CV0033)

deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment

to the United States Constitution."). Neither is true here. The provisions of the Ohio long-arm

statute that Plaintiff calls upon - Ohio Rev. Code § 2307.382(A)(3) and (7)[21] - do not support the

assertion of personal jurisdiction over Defendant Imperial Tobacco Group PLC, a citizen of the

United Kingdom. The Amended Complaint (ECF No. 3) does not allege that Defendant Imperial

Tobacco Group PLC was ever present in Ohio or committed any act in Ohio that harmed

Plaintiff. _Hildebrand v. Steck Mfg. Co. Inc._, 279 F.3d 1351, 1355 (Fed. Cir. 2002) (to satisfy §

2307.382(A)(3), both the tortious act and the injury must occur in Ohio and the presence of the

alleged tortfeasor is required). Also, Plaintiff merely recites the language from § 2307.382(A)(7)

at ¶ 16(d) of the Amended Complaint (ECF No. 3). _Hoover v. Society Bank of Eastern Ohio_

_N.A._, No. 5:90CV1245, 1991 U.S. Dist. LEXIS 19073, at *34-35 and 41 (N.D. Ohio April 12,

1991) (finding that plaintiff failed to establish personal jurisdiction under § 2307.382(A)(7)

because the amended complaint merely recited the statute and failed to offer any creditable

evidence regarding what criminal act allegedly occurred). The RICO, Lanham Act, and state law

claims are dismissed because Plaintiff cannot meet his burden to establish such jurisdiction.

_Nationwide Mut'l Ins. Co._, 91 F.3d at 793.

Moreover, the "absent co-conspirator" doctrine alleged at ¶ 16(e) of the Amended

Complaint (ECF No. 3) is not recognized as a means for establishing personal jurisdiction in this

---

[21] Ohio courts are deemed to have personal jurisdiction over a person "as to a cause of action arising from the person's . . . [c]ausing tortious injury by an act or omission in" Ohio or from the person's "[c]ausing tortious injury to any person by a criminal act, any element of which takes place in [Ohio], which he commits or in the commission of which he is guilty of complicity."

(5:10CV0033)

district. *See Hollar*, 43 F. Supp.2d at 802 n.7 ("Since personal jurisdiction must be based on the

actions and contacts of the specific defendant at issue, the Court declines to apply the so called

'conspiracy theory of jurisdiction' in which the contacts of a defendant's co-conspirators with the

forum state are attributed to the defendant in order to supply the minimum contacts necessary for

personal jurisdiction.") (citation omitted).

　　　　Lastly, Fourteenth Amendment due process requirements are met when *in personam*

jurisdiction is asserted over a nonresident defendant that has "certain minimum contacts with [the

forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and

substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken

v. Meyer*, 311 U.S. 457, 463 (1940)).  Because Defendant Imperial Tobacco Group PLC does not

have–and is not alleged to have–such contacts, whether related to Plaintiff's claims or otherwise,

neither the theory of general jurisdiction or specific jurisdiction supports a claim for personal

jurisdiction over Defendant Imperial Tobacco Group PLC. *See Chrysler Corp.*, 643 F.2d at

1239-40 (dismissing a foreign corporation because the plaintiff had presented no evidence

demonstrating the foreign corporation's contacts with the forum or the United States, and

because the "[m]aintenance of this action against it would offend traditional notions of fair play

and substantial justice") (internal quotations and citation omitted).

## XIII.

　　　　Plaintiff has joined as defendants several current and former employees of the corporate

defendants, including Defendants Gary R. Ellis, Lewis I. Rothman, Theo W. Folz, and James L.

Colucci. ECF No. 3 at ¶¶ 23-25 and 29.  These defendants are not Ohio residents, and they do

52

(5:10CV0033)

not have any contacts with the state of Ohio upon which personal jurisdiction may be based.

Defendant Theo W. Folz, who is the former President and Chief Executive Officer of Defendant

Altadis U.S.A. Inc., is a Florida resident. Declaration of Theo W. Folz (ECF No. 29-2) at ¶¶ 2-3.

Defendant Gary R. Ellis, the current President and Chief Executive Officer of Defendant Altadis

U.S.A. Inc., is a resident of Florida. Declaration of Gary R. Ellis (ECF No. 29-3) at ¶¶ 2-3.

Defendant James L. Colucci is also a Florida resident and an Executive Vice President of

Defendant Altadis U.S.A. Inc. Declaration of James L. Colucci (ECF No. 29-4) at ¶¶ 2-3.

Defendant Lewis I. Rothman, the Chairman, President, and Chief Executive Officer of Defendant

800-JR Cigar, Inc., is a New Jersey resident. Declaration of Lewis I. Rothman (ECF No. 29-5) at

¶¶ 2-3. Neither Defendants Gary R. Ellis, Lewis I. Rothman, Theo W. Folz, nor James L.

Colucci has ever resided in Ohio, has had any offices in Ohio, or has had any employees or

agents in Ohio. ECF No. 29-2 at ¶¶ 6-12; ECF No. 29-3 at ¶¶ 8-9 and 11; ECF No. 29-4 at ¶¶

8-9 and 11; and ECF No. 29-5 at ¶¶ 7-8 and 10. Nor have they ever transacted any business in

Ohio. ECF No. 29-2 at ¶ 15; ECF No. 29-3 at ¶ 14; ECF No. 29-4 at ¶ 14; and ECF No. 29-5 at ¶

13.

**A. The Amended Complaint (ECF No. 3) Fails to State a Claim Against Defendants Gary R. Ellis, Lewis I. Rothman, Theo W. Folz, and James L. Colucci Upon Which Relief Can be Granted**

In *Iqbal*, the United States Supreme Court stated: "Threadbare recitals of the elements of

a cause of action, supported by mere conclusory statements, do not suffice." 129 S.Ct. at 1949.

To survive a motion to dismiss for failure to state a claim, a "complaint must contain either direct

or inferential allegations respecting all the material elements to sustain a recovery under some

53

(5:10CV0033)

viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (internal quotation marks and citations omitted). A plaintiff cannot survive a Rule 12(b)(6) motion based solely on wholly conclusory allegations hoping that he "might later establish some 'set of [undisclosed] facts' to support recovery." *Twombly*, 550 U.S. at 561. (internal quotation marks omitted).

The Amended Complaint (ECF No. 3) does not state any factual allegations of any conduct by Defendants Gary R. Ellis, Lewis I. Rothman, Theo W. Folz, and James L. Colucci. Beyond the allegations that introduce Defendants Gary R. Ellis, Lewis I. Rothman, Theo W. Folz, and James L. Colucci (ECF No. 3 at ¶¶ 23-25 and 29) referenced above, the only allegations that even mention these defendants appear in Count 11 of the Amended Complaint (ECF No. 3) at ¶¶ 312-315. These allegations, which contain only generalities as to all seven Individual Defendants, provide as follows:

> ¶ 312 alleges, in essence, that whatever Individual Defendants did, they did in the course of their employment;
>
> ¶ 313 alleges that whatever the corporate defendants did occurred while Individual Defendants were employed by their respective corporate defendant employers;
>
> ¶ 314 alleges that Individual Defendants were aiders and abettors to an unspecified principal with respect to violations of certain federal law that are not described; and
>
> ¶ 315 contains a more verbose but equally general allegation of aiding and abetting.

*Also see* Section XI, Part J. Notably, there is no mention of Defendants Gary R. Ellis, Lewis I. Rothman, Theo W. Folz, and James L. Colucci in the RICO allegations. *See* ECF No. 3 at ¶¶ 45-213.

54

(5:10CV0033)

Conspicuously absent is any allegation that Defendants Gary R. Ellis, Lewis I. Rothman, Theo W. Folz, or James L. Colucci were personally involved in any way in any of the conduct of which Plaintiff complains.  The Amended Complaint (ECF No. 3) utterly lacks allegations sufficient to state a claim that any of these defendants personally violated a legal duty to Plaintiff or caused him injury.  For this reason, as well as the reasons stated in Section X above, the Amended Complaint (ECF No. 3) is dismissed with prejudice as to Defendants Gary R. Ellis, Lewis I. Rothman, Theo W. Folz, or James L. Colucci for failure to state a claim upon which relief can be granted.  *See* *Twombly*, 550 U.S. at 570 (dismissing antitrust claims because the complaint did not "state a claim to relief that is plausible on its face").

## B. This Court Lacks Personal Jurisdiction Over Defendants Gary R. Ellis, Lewis I. Rothman, Theo W. Folz, and James L. Colucci

Plaintiff has failed to allege (1) that Defendants Gary R. Ellis, Lewis I. Rothman, Theo W. Folz, and James L. Colucci personally engaged in any conduct affecting him or (2) that any of these defendants have any personal contacts with Ohio – nor do they.  As stated at the beginning of Section XI, Plaintiff bears the burden of setting forth a *prima facie* showing of personal jurisdiction over a defendant.  *Theunissen*, 935 F.2d at 1458.  A plaintiff, seeking to hail a foreign defendant into a distant forum, bears an initial burden of pleading jurisdiction.  "He must allege in his pleading the facts essential to show jurisdiction.  If he fails to make the necessary allegations he has no standing."  *McNutt*, 298 U.S. at 189.  Plaintiff has failed to meet his *prima facie* burden of showing personal jurisdiction because the Amended Complaint (ECF No. 3) does not allege any facts to support a claim that this Court has personal jurisdiction over Defendants Gary R. Ellis, Lewis I. Rothman, Theo W. Folz, and James L. Colucci.

55

(5:10CV0033)

Assuming *arguendo* that the Amended Complaint (ECF No. 3) does include such allegations, a federal court may exercise personal jurisdiction over defendants outside the forum state only pursuant to an applicable federal statute that provides for service of process outside this state or Ohio's long-arm statute. *Robert J. Kwait & Assocs.*, 1998 U.S. Dist. LEXIS 22880, at *4-5. Nationwide service of process may be effected in a civil RICO action pursuant to 18 U.S.C. § 1965(b) and (d). Worldwide service of process may be effected in an antitrust case pursuant to the Clayton Act.[22] According to Defendants Gary R. Ellis, Lewis I. Rothman, Theo W. Folz, and James L. Colucci, none of them reside in Ohio or have any contacts with Ohio sufficient to support personal jurisdiction under any federal statute that Plaintiff invokes or under the Ohio long-arm statute.

### 1. The RICO Statute Cannot be Used to Establish Personal Jurisdiction Over Defendants Gary R. Ellis, Lewis I. Rothman, Theo W. Folz, and James L. Colucci Because Plaintiff's RICO Allegations Fail to State a Justiciable Claim

For the reasons set forth at Section XI, Part A(1), Plaintiff cannot utilize RICO's nationwide service provision to secure personal jurisdiction over Defendants Gary R. Ellis, Lewis I. Rothman, Theo W. Folz, and James L. Colucci.

### 2. Plaintiff Cannot Establish Personal Jurisdiction Over Defendants Gary R. Ellis, Lewis I. Rothman, Theo W. Folz, and James L. Colucci Under the Antitrust Laws

For the reasons set forth at Section XI, Part A(2), none of the provisions of the Clayton Act that Plaintiff invokes against Defendants Gary R. Ellis, Lewis I. Rothman, Theo W. Folz,

---

[22] *See* n. 13, *supra*.

(5:10CV0033)

and James L. Colucci—15 U.S.C. § 5, 15 U.S.C. § 15, or 15 U.S.C. § 24—establish personal

jurisdiction over them.

### 3. Plaintiff Cannot Satisfy the Ohio Long-Arm Statute for His Lanham Act and State Law Claims

For the reasons set forth at Section XI, Part A(3), these claims must be dismissed because

Plaintiff cannot meet his burden to establish personal jurisdiction over Defendants Gary R. Ellis,

Lewis I. Rothman, Theo W. Folz, and James L. Colucci.

### 4. The Court Does Not Have Jurisdiction Over Defendants Gary R. Ellis, Lewis I. Rothman, Theo W. Folz, and James L. Colucci Just Because It Has Jurisdiction Over Defendant Altadis U.S.A. Inc.

As previously stated, the Sixth Circuit has specifically recognized that "jurisdiction over

the individual officers of a corporation cannot be predicated *merely* upon jurisdiction over the

corporation." *Weller*, 504 F.2d at 929 (emphasis added). Thus, although Defendant Altadis

U.S.A. Inc. currently employs Defendants Gary R. Ellis and James L. Colucci and formerly

employed Defendant Theo W. Folz, and Defendant Altadis U.S.A. Inc. does not object to

jurisdiction, these circumstances do not support the exercise of jurisdiction over Defendants Gary

R. Ellis, Theo W. Folz, or James L. Colucci personally. Rather, a court may exercise jurisdiction

over an employee only if the employee was (1) "actively and personally involved in the conduct

giving rise to the claim, [and (2)] the exercise of personal jurisdiction [satisfies] traditional

notions of fair play and substantial justice." *Balance Dynamics Corp.*, 204 F.3d at 698. The

Amended Complaint (ECF No. 3) does not satisfy either factor.

The Amended Complaint (ECF No. 3) does not set forth specific facts that Defendants

Gary R. Ellis, Lewis I. Rothman, Theo W. Folz, or James L. Colucci were personally involved in

(5:10CV0033)

any way in any of the conduct of which Plaintiff complains or an allegation sufficient to state a claim that any of these defendants personally violated a legal duty to Plaintiff or caused him injury. *See Kemper v. Saline Lectronics*, 348 F. Supp.2d 897, 902 (N.D. Ohio 2004) (holding that the broad allegation that defendants engaged in fraudulent conduct was insufficient to establish personal jurisdiction over a corporate employee when plaintiff presented no specific facts showing the employee's involvement).

For these reasons and those set forth at Section XI, Part A(5), the Court concludes that the fiduciary shield doctrine prevents the Court from exercising personal jurisdiction over Defendants Gary R. Ellis, Lewis I. Rothman, Theo W. Folz, and James L. Colucci.

## XIV.

Plaintiff has joined as defendants several current and former employees of the corporate defendants, including retired employee Defendant George Gershel, allegedly an executive vice president of Defendant Altadis U.S.A. Inc. and managing director of Defendant Cuban Cigar Brands N.V. *See* ECF No. 3 at ¶ 25. Defendant George Gershel is not an Ohio resident and does not have sufficient contacts with the state of Ohio upon which personal jurisdiction may be based. Defendant George Gershel was Executive Vice President Tobacco of Defendant Altadis U.S.A. Inc. until December 31, 2008, when he retired. Declaration of George Gershel (ECF No. 30-2) at ¶¶ 3-4. While employed with Defendant Altadis U.S.A. Inc., Defendant George Gershel was a resident of Florida. *Id.* at ¶ 5. After retiring, Defendant George Gershel moved to Switzerland with his wife, who is a citizen of Switzerland, and became a permanent resident. *Id.*

58

(5:10CV0033)

at ¶¶ 2 and 4.[23]  Defendant George Gershel has never resided or intended to permanently reside in

Ohio, nor has he ever had any offices, employees, or agents in Ohio.  *Id.* at ¶¶ 7 and 13-14.

Defendant George Gershel does, however, maintain an apartment, car, bank account, and phone

listing in Ohio that he uses when he travels to Ohio a few times a year to visit two of his children.

*Id.* at ¶ 6.  Defendant George Gershel has no other contacts with Ohio and does not work in Ohio,

sell any goods or services in Ohio, or regularly solicit business in Ohio.  *Id.* at ¶¶ 11-12.

### A.  *The Amended Complaint (ECF No. 3) Fails to State a Claim Against Defendant George Gershel Upon Which Relief Can be Granted*

Plaintiff does not allege that Defendant George Gershel has any connection to the matters

of which Plaintiff complains, except that he worked for one of the corporate defendants.  Beyond

the allegations that introduce Defendant George Gershel (ECF No. 3 at  ¶ 25) referenced above,

the only allegations that even mention this defendant appear in Count 11 of the Amended

Complaint (ECF No. 3) at ¶¶ 312-315.  As mentioned in Section XIII, Part A, these allegations

contain only generalities as to all seven Individual Defendants.  Notably, there is no mention of

Defendant George Gershel in the RICO allegations.  *See* ECF No. 3 at ¶¶ 45-213.  For these

reasons and those set forth at Section XIII, Part A, the Amended Complaint (ECF No. 3) is

dismissed with prejudice as to Defendant George Gershel for failure to state a claim upon which

relief can be granted.

### B.  *This Court Lacks Personal Jurisdiction Over Defendant George Gershel*

---

[23]  Plaintiff served a summons on Defendant George Gershel in Florida.  *See* Return of Service (ECF No. 10).

(5:10CV0033)

Plaintiff has failed to allege (1) that Defendant George Gershel personally engaged in any

conduct affecting him or (2) that Defendant George Gershel has any personal contacts with Ohio

upon which jurisdiction can be based–nor does he.  His limited personal contacts with the state

in connection with visiting his children here are insufficient to support jurisdiction.  Because

Defendant George Gershel does not reside in Ohio and has only *de minimis* contacts with the

state that are insufficient to support personal jurisdiction under any federal statute that Plaintiff

invokes or the Ohio long-arm statute, the Court dismisses Defendant George Gershel for lack of

personal jurisdiction.

### 1. *The RICO Statute Cannot be Used to Establish Personal Jurisdiction Over Defendant George Gershel Because Plaintiff's RICO Allegations Fail to State a Justiciable Claim*

For the reasons set forth at Section XI, Part A(1), Plaintiff cannot utilize RICO's

nationwide service provision to secure personal jurisdiction over Defendant George Gershel.

### 2. *Plaintiff Cannot Establish Personal Jurisdiction Over Defendant George Gershel Under the Antitrust Laws*

For the reasons set forth at Section XI, Part A(2), none of the provisions of the Clayton

Act that Plaintiff invokes against Defendant George Gershel– 15 U.S.C. § 5, 15 U.S.C. § 15, or

15 U.S.C. § 24–establish personal jurisdiction over him.

### 3. *The Court Cannot Exercise General Jurisdiction Over Defendant George Gershel Because He Does Not Have Continuous and Systematic Contacts With Ohio*

Personal jurisdiction may be based on either general or specific jurisdiction.  *Bird v.*

*Parsons*, 289 F.3d 865, 873 (6th Cir. 2002).  General jurisdiction is based on a defendant's actual

or virtual presence in the forum.  "General jurisdiction is proper only where 'a defendant's

(5:10CV0033)

contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state.'" *Id.* (quoting *Third Nat'l Bank in Nashville v. WEDGE Group Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989)).

The Amended Complaint (ECF No. 3) is devoid of allegations that Defendant George Gershel has any contact with the state of Ohio. In *Schultz*, the Court recently found that general jurisdiction was not established in a case where the defendants had only isolated contacts with the state of Ohio rather than a regular presence which is necessary to establish that continuous and systematic contacts exist. 2009 WL 2392912, at *9. Furthermore, merely maintaining a bank account within the forum, having an interest in property in the forum, or traveling to the forum occasionally does not constitute the systematic and continuous contacts required to establish general jurisdiction. *See Access Telecom, Inc. v. MCI Telecommunications Corp.*, 197 F.3d 694, 717 (5th Cir. 1999) (stating that renting or owning property in a forum does not confer general jurisdiction when the property is not used to conduct business in the forum); *Sullivan*, 785 F. Supp. at 1079-80 (maintaining a bank account within the forum or occasionally traveling to the forum is not a continuous and systematic contact). Defendant George Gershel's limited personal contacts with the state in connection with visiting his children here do not constitute the systematic and continuous contacts required to establish general jurisdiction. *See Access Telecom, Inc.*, 197 F.3d at 717; *Sullivan*, 785 F. Supp. at 1079-80.

For these reasons, Defendant George Gershel is not subject to general jurisdiction in Ohio. The Court must therefore determine whether he is subject to specific jurisdiction.

61

(5:10CV0033)

### 4. The Court Cannot Exercise Specific Jurisdiction Over Defendant George Gershel Because His De Minimis Contacts With Ohio are Unrelated to the Matters of Which Plaintiff Complains

In contrast to general jurisdiction, specific jurisdiction is proper under circumstances "where 'a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum.'" *Bird*, 289 F.3d at 874 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984)). Specific jurisdiction may be based on a single act. *Nationwide Mut'l Ins. Co.*, 91 F.3d at 794 (citing *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 222 (1957)).

The Sixth Circuit has developed a three-part test to determine whether a defendant's contacts are sufficient so as to establish specific jurisdiction:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable.

*Reynolds*, 23 F.3d at 1116.

In *CompuServe, Inc. v. Patterson*, 89 F.3d 1257 (6th Cir. 1996), the Sixth Circuit stated:

> This court has stated that the question of whether a defendant has purposefully availed itself of the privilege of doing business in the forum state is "the *sine qua non* for *in personam* jurisdiction." *Mohasco Indus.*, 401 F.2d at 381-82. The "purposeful availment" requirement is satisfied when the defendant's contacts with the forum state "proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State," and when the defendant's conduct and connection with the forum are such that he "should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75, 105 S.Ct. 2174, 2183-84, 85 L.Ed.2d 528 (1985) (quoting *World-Wide Volkswagen*, 444 U.S. at 297, 100 S.Ct. at 567); *Reynolds*, 23 F.3d at 1116. Courts require purposeful availment to insure that

62

(5:10CV0033)

> "random," "fortuitous," or "attenuated" contacts do not cause a defendant to be
> haled into a jurisdiction. *Burger King Corp.*, 471 U.S. at 475, 105 S.Ct. at
> 2183-84 (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774, 104 S.Ct.
> 1473, 1478, 79 L.Ed.2d 790 (1984)).

*Id.*, at 1263 (Emphasis in original.)  Plaintiff's allegations in the Amended Complaint (ECF No.

3) and the absence of any argument in opposition, *see* ECF No. 59, fall woefully short of

establishing purposeful availment.  Instead of alleging specific facts concerning Defendant

George Gershel's Ohio contacts, Plaintiff alleges merely that "defendants" committed

unspecified "tortious activities," and caused an unspecified "tortious injury" through an

unspecified "criminal act" in Ohio.  ECF No. 3 at ¶¶ 14-15.  Plaintiff has not demonstrated that

Defendant George Gershel has connections with Ohio that are substantial enough to show

"purposeful availment." *Highway Auto Sales v. Auto-Konig of Scottsdale, Inc.*, 943 F. Supp.

825, 828 (N.D. Ohio 1996).  Thus, the Court finds that Defendant George Gershel's personal

Ohio contacts, related to occasional visits to his children, are clearly insufficient to establish that

he has purposefully availed himself of the privilege of doing business in Ohio.  *See* ECF No. 30-

2 at ¶¶ 6 and 8-9.

The matters of which Plaintiff complains are unrelated to Defendant George Gershel's *de

minimis* Ohio contacts and exercising personal jurisdiction over him would be unreasonable.

Plaintiff has not alleged that Defendant George Gershel engaged in any conduct, anywhere, that

harmed him.  Moreover, Plaintiff has not made any allegations that suggest a connection between

his claims and Defendant George Gershel's personal contacts with Ohio.  Thus, exercising

jurisdiction over Defendant George Gershel in the case at bar would be random and arbitrary, and

would offend the notions of fair play and substantial justice. *See, e.g., Conti v. Pneumatic*

(5:10CV0033)

*Products Corp.*, 977 F.2d 978, 983 (6th Cir. 1992) (holding personal jurisdiction over a foreign

defendant based merely on the plaintiff's state of residence would be unfair and would not

comport with the notions of fair play and substantial justice).

### 5. *Plaintiff Cannot Satisfy the Ohio Long-Arm Statute for His Lanham Act and State Law Claims*

For the reasons set forth at Section XI, Part A(3), these claims must be dismissed because

Plaintiff cannot meet his burden to establish personal jurisdiction over Defendant George

Gershel.

### 6. *Plaintiff Cannot Satisfy the Fourteenth Amendment Due Process Requirements*

For the reasons set forth at Section XIV, Part B(3) and (4), Plaintiff cannot establish that

the Court has general or specific jurisdiction over Defendant George Gershel. Therefore,

Plaintiff cannot satisfy the Fourteenth Amendment Due Process requirements to secure personal

jurisdiction over Defendant George Gershel.

### 7. *The Court Does Not Have Jurisdiction Over Defendant George Gershel Just Because It Has Jurisdiction Over Defendant Altadis U.S.A. Inc.*

For the reasons set forth at Section XIII, Part B(4), the Court concludes that the fiduciary

shield doctrine prevents the Court from exercising personal jurisdiction over Defendant George

Gershel.

### XV.

Defendants Cuban Cigar Brands, N.V., Altadis Holdings U.S.A. Inc., and 800-JR Cigar,

Inc. are all holding companies. Declaration of Salvatore M. Marino (ECF No. 31-2) at ¶ 5;

Declaration of Gary R. Ellis (ECF No. 31-3) at ¶ 5; Declaration of Eric Workman (ECF No. 31-

(5:10CV0033)

4) at ¶ 6.  Defendant 800-JR Cigar, Inc. is incorporated in Delaware.  ECF No. 31-2 at ¶ 4.

Defendant Altadis Holdings U.S.A. Inc. is a Delaware company, with its principal place of

business in Fort Lauderdale, Florida.  ECF No. 3 at ¶ 20; ECF No. 31-3 at ¶ 4.  And Defendant

Cuban Cigar Brands, N.V. is organized under the laws of the Netherlands Antilles, having an

office in Fort Lauderdale, Florida.  ECF No. 3 at ¶ 22; ECF No. 31-4 at ¶ 4.  None of these

defendants has, or previously had, any offices or places of business in the state of Ohio, nor has

any ever stationed any employees, sales representatives, or agents in the state of Ohio.  ECF No.

31-2 at ¶¶ 6-12; ECF No. 31-3 at ¶¶ 6-14; ECF No. 31-4 at ¶¶ 7-13.  Furthermore, none has

entered into a contract in the state of Ohio, sold goods or services in the state of Ohio, or derived

substantial revenue from goods consumed in the state of Ohio.  ECF No. 31-2 at ¶¶ 7-8 and 13;

ECF No. 31-3 at ¶¶ 7-8 and 13; ECF No. 31-4 at ¶¶ 9 and 14.  As holding companies, Defendants

Cuban Cigar Brands, N.V., Altadis Holdings U.S.A. Inc., and 800-JR Cigar, Inc. do not derive

operational revenue from any of their activities in Ohio.  ECF No. 31-2 at ¶ 13; ECF No. 31-3 at

¶ 13; ECF No. 31-4 at ¶ 14.

### A. This Court Lacks Personal Jurisdiction Over Defendants Cuban Cigar Brands, N.V., Altadis Holdings U.S.A. Inc., and 800-JR Cigar, Inc.

Plaintiff has failed to allege (1) that Defendants Cuban Cigar Brands, N.V., Altadis

Holdings U.S.A. Inc., and 800-JR Cigar, Inc. have any Ohio contacts on which personal

jurisdiction can be based and (2) with the exception of the conclusory RICO allegations,[24] that

---

[24] The RICO allegations in the Amended Complaint (ECF No. 3) merely assert in non-factual, conclusory fashion that Defendants Cuban Cigar Brands, N.V., Altadis Holdings U.S.A. Inc., and 800-JR Cigar, Inc. illegally owned and/or sold certain

(continued...)

65

(5:10CV0033)

they have engaged in any conduct that injured Plaintiff.  Notably, there are no allegations about

Defendants Cuban Cigar Brands, N.V., Altadis Holdings U.S.A. Inc., and 800-JR Cigar, Inc. in

Counts 2-11 of the Amended Complaint (ECF No. 3).

As stated at the beginning of Section XI and in Section XIII, Part B, Plaintiff bears the

burden of setting forth a *prima facie* showing of personal jurisdiction over a defendant.

*Theunissen*, 935 F.2d at 1458.  A plaintiff, seeking to hail a foreign defendant into a distant

forum, bears an initial burden of pleading jurisdiction.  "He must allege in his pleading the facts

essential to show jurisdiction.  If he fails to make the necessary allegations he has no standing."

*McNutt*, 298 U.S. at 189.  Plaintiff has failed to meet his *prima facie* burden of showing personal

jurisdiction because the Amended Complaint (ECF No. 3) does not allege any facts to support a

claim that this Court has personal jurisdiction over Defendants Cuban Cigar Brands, N.V.,

Altadis Holdings U.S.A. Inc., and 800-JR Cigar, Inc.

Assuming *arguendo* that the Amended Complaint (ECF No. 3) does include such

allegations, a federal court may exercise personal jurisdiction over defendants outside the forum

state only pursuant to an applicable federal statute that provides for service of process outside

this state or Ohio's long-arm statute.  *Robert J. Kwait & Assocs.*, 1998 U.S. Dist. LEXIS 22880,

at *4-5.  Nationwide service of process may be effected in a civil RICO action pursuant to 18

U.S.C. § 1965(b) and (d).  Worldwide service of process may be effected in an antitrust case

---

[24](...continued)
trademarks and/or illegally derived profits therefrom.

(5:10CV0033)

pursuant to the Clayton Act.[25]  According to Defendants Cuban Cigar Brands, N.V., Altadis

Holdings U.S.A. Inc., and 800-JR Cigar, Inc., none of them is an Ohio company or have any

contacts with Ohio sufficient to support personal jurisdiction under any federal statute that

Plaintiff invokes or under the Ohio long-arm statute.  Finally, even if these statutory tests could

be met, the Fourteenth Amendment must still be satisfied, and here, Defendants Cuban Cigar

Brands, N.V., Altadis Holdings U.S.A. Inc., and 800-JR Cigar, Inc. do not have the minimum

contacts with Ohio that would allow a suit to be brought here.

### 1. *Plaintiff Cannot Establish Personal Jurisdiction Pursuant to the Service Provisions of RICO and the Antitrust Laws*

#### a. *Broad Service Provisions Apply Only When the Plaintiff Has Stated Viable Causes of Action Under the Relevant Statutes*

Plaintiff cannot establish personal jurisdiction over Defendants Cuban Cigar Brands,

N.V., Altadis Holdings U.S.A. Inc., and 800-JR Cigar, Inc. based on the special service

provisions of RICO (18 U.S.C. § 1965(b) and (d)) or the antitrust laws (15 U.S.C. § 22) because

the Amended Complaint (ECF No. 3) does not state valid RICO or antitrust claims against any of

them.  As previously stated, it is well recognized that a plaintiff cannot rely on the special service

provisions of a federal statute unless the plaintiff "has adequately stated a claim" for a violation

of that statute. *United Liberty Life Ins. Co.*, 985 F.2d at 1330 (remanding for ruling on validity

of claim under the 1934 Exchange Act); *see also NGS Am., Inc. v. Jefferson*, 218 F.3d 519 (6th

Cir. 2000) (affirming dismissal for lack of personal jurisdiction because ERISA's

nationwide-service provision did not apply to the plaintiff's case).

---

[25] *See* n. 13, *supra*.

(5:10CV0033)

### b. *Plaintiff Cannot Rely on RICO's Nationwide Service of Process Because the Amended Complaint (ECF No. 3) Fails to State a RICO Claim*

For the reasons set forth at Section XI, Part A(1), Plaintiff cannot utilize RICO's

nationwide service provision to secure personal jurisdiction over Defendants Cuban Cigar

Brands, N.V., Altadis Holdings U.S.A. Inc., and 800-JR Cigar, Inc.

### c. *Plaintiff Cannot Establish Jurisdiction Over Defendants Cuban Cigar Brands, N.V., Altadis Holdings U.S.A. Inc., and 800-JR Cigar, Inc. Under 15 U.S.C. § 22 Because the Amended Complaint (ECF No. 3) Fails to State an Antitrust Claim Against Them and Ohio is an Improper Venue*

While the nationwide-service provision of the antitrust laws may permit certain

defendants to be *served* in any district, it does not permit these defendants to be *sued* in any

district. Rather, defendants in antitrust suits may be sued only where they are *found*. *See, e.g.*,

*Valley Drive Systems, Inc. v. EMPI, Inc.*, No. 94 C 50118, 1994 WL 511294, at *3 (N.D. Ill.

Sept. 19, 1994) ("In an antitrust action, a corporate defendant may be sued in any judicial district

where it is an inhabitant, where it may be found or where it transacts business."). In the case at

bar, Defendants Cuban Cigar Brands, N.V., Altadis Holdings U.S.A. Inc., and 800-JR Cigar, Inc.

do not have any connection with the Northern District of Ohio. And therefore, because

Defendants Cuban Cigar Brands, N.V., Altadis Holdings U.S.A. Inc., and 800-JR Cigar, Inc.

cannot be found in Ohio, they cannot be sued in Ohio, notwithstanding the provisions of Section

12 of the Clayton Act, 15 U.S.C. § 22.

Plaintiff cannot rely on Section 12 of the Clayton Act to establish personal jurisdiction

over Defendants Cuban Cigar Brands, N.V., Altadis Holdings U.S.A. Inc., and 800-JR Cigar, Inc.

because he has not stated an antitrust claim against them. Because 15 U.S.C. § 22 applies only to

68

(5:10CV0033)

"[a]ny suit, action, or proceeding under the antitrust laws," Plaintiff's failure to state a claim

under the antitrust laws precludes him from using the worldwide service of process provision of

Section 22 as a means to secure jurisdiction over Defendants Cuban Cigar Brands, N.V., Altadis

Holdings U.S.A. Inc., and 800-JR Cigar, Inc. *See A-DEC, Inc.*, 1983 WL 1944, at *2 (D. Or.

1983) ("[T]he expansive venue and service of process provisions of [15 U.S.C. § 22] shall only

apply to allow for expanded personal jurisdiction as against corporations that allegedly have

violated the antitrust laws."). As discussed in Section X, Parts D and E, Plaintiff has failed to

state an antitrust claim on which relief can be granted.

Assuming *arguendo* that Plaintiff has made a valid antitrust claim against Defendants

Cuban Cigar Brands, N.V., Altadis Holdings U.S.A. Inc., and 800-JR Cigar, Inc., he still cannot

rely on 15 U.S.C. § 22 to establish jurisdiction over these defendants, because under Section 12

of the Clayton Act, "proper venue is still required in order to confer personal jurisdiction."

*Hyland v. Homeservices of America., Inc.*, No. 3:05 CV 612 R, 2007 WL 1959158, at *3 (W.D.

Ky. June 28, 2007) (venue is proper "only . . . if it could be determined that the objecting

defendants were inhabitants of, could be found in, or transacted business within the district").

This Court is not a proper venue in which to sue Defendants Cuban Cigar Brands, N.V., Altadis

Holdings U.S.A. Inc., and 800-JR Cigar, Inc., since none of these defendants (1) is an inhabitant

of; (2) transacts business in; or (3) may be found, in the Northern District of Ohio.

A corporation is an "inhabitant" of the state of its incorporation. *Athletes Foot of*

*Delaware, Inc. v. Ralph Libonati Co., Inc.*, 445 F. Supp. 35, 42-46 (D. Del. 1977) (dismissing

defendant not incorporated in forum state). Plaintiff has not alleged that Defendants Cuban Cigar

(5:10CV0033)

Brands, N.V., Altadis Holdings U.S.A. Inc., and 800-JR Cigar, Inc. were incorporated in Ohio, and none were. As alleged in ¶ 20 of the Amended Complaint (ECF No. 3), Defendant Altadis Holdings U.S.A. Inc. is incorporated under the laws of Delaware and its principal place of business is located in Fort Lauderdale, Florida. ECF No. 31-3 at ¶4. Similarly, as alleged in ¶ 22 of the Amended Complaint (ECF No. 3), Defendant Cuban Cigar Brands, N.V. is organized under the laws of Netherlands Antilles, with a place of business in Fort Lauderdale, Florida, where it was served.[26] ECF No. 31-4 at ¶ 4. Although Plaintiff does not allege where Defendant 800-JR Cigar, Inc. is incorporated, *see* ¶ 28 of the Amended Complaint (ECF No. 3), this omission does not work in his favor. As set forth in ¶ 4 of ECF No. 31-2, Defendant 800-JR Cigar, Inc. is a Delaware corporation.

Additionally, the Amended Complaint (ECF No. 3) does not allege that Defendants Cuban Cigar Brands, N.V., Altadis Holdings U.S.A. Inc., and 800-JR Cigar, Inc. have done *anything* in Ohio, much less that they have transacted *substantial* business in Ohio. "[B]efore a corporation may be held to be 'transacting business' in a district[,] it must in the ordinary and usual sense 'transact business' therein of any substantial character." *Ohio-Midland Light & Power Co. v. Ohio Brass Co.*, 221 F. Supp. 405, 408 (S.D. Ohio 1962) (citations omitted). Furthermore, a corporation must engage in more extensive activities to be "found" within a district than required to be "transacting business" there. *Friends of Animals, Inc. v. American Veterinary Medical Assn.*, 310 F. Supp. 620, 622 (S.D. N.Y. 1970) (citations omitted). Indeed, Defendants Cuban Cigar Brands, N.V., Altadis Holdings U.S.A. Inc., and 800-JR Cigar, Inc.

---

[26] *See* Return of Service (ECF No. 4) at 5-6, and 23.

(5:10CV0033)

have not transacted any business in the Northern District of Ohio.  *See* ECF No. 31-2 at ¶ 9; ECF

No. 31-3 at ¶ 9; ECF No. 31-4 at ¶ 10.  Therefore, the Court finds that neither the allegations of

the Amended Complaint (ECF No. 3) nor the facts support a conclusion that Defendants Cuban

Cigar Brands, N.V., Altadis Holdings U.S.A. Inc., and 800-JR Cigar, Inc. "transact business" in

or can be "found" in the Northern District of Ohio.

> ### d.  Plaintiff Cannot Establish Personal Jurisdiction Over Defendants Cuban Cigar Brands, N.V., Altadis Holdings U.S.A. Inc., and 800-JR Cigar, Inc. Under 15 U.S.C. § 5 or 15 U.S.C. § 15 of the Antitrust Laws

For the reasons set forth at Section XI, Part A(2), none of the other provisions of the

Clayton Act that Plaintiff invokes against Defendants Cuban Cigar Brands, N.V., Altadis

Holdings U.S.A. Inc., and 800-JR Cigar, Inc. – 15 U.S.C. § 5, or 15 U.S.C. § 15 – establish

personal jurisdiction over any of the defendants.

> ### e.  Plaintiff Cannot Rely on the Ohio Long-Arm Statute to Establish Personal Jurisdiction Over Defendants Cuban Cigar Brands, N.V., Altadis Holdings U.S.A. Inc., and 800-JR Cigar, Inc.

The Court cannot exercise personal jurisdiction over Defendants 800-JR Cigar, Inc. (a

Delaware corporation), Altadis Holdings U.S.A. (a Delaware corporation with its principal place

of business in Florida), and Cuban Cigar Brands, N.V. (a Netherlands Antilles corporation with

its principal place of business in Florida) unless (1) each is amenable to suit under Ohio's

long-arm statute and (2) the due process requirements of the United States Constitution are met.

*Reynolds*, 23 F.3d at 1115.  For the reasons set forth at Section XII, Part E, Plaintiff can satisfy

neither in the case at bar.

## XVI.

71

(5:10CV0033)

All of the allegations concerning Defendants Grimes & Battersby, LLP and Charles W. Grimes concern their actions as lawyers on behalf of clients in connection with the registration or enforcement of trademarks. The Amended Complaint (ECF No. 3) does not allege that Defendants Grimes & Battersby, LLP and Charles W. Grimes reside in or have had any contact with the state of Ohio, except that Defendant Charles W. Grimes sent the cease-and-desist letters.

Neither Defendant Grimes & Battersby, LLP nor Defendant Charles W. Grimes has any Ohio contacts on which personal jurisdiction can be based. Defendant Charles W. Grimes, the Managing Partner of the law firm Grimes & Battersby, LLP, is a Connecticut resident. Declaration of Charles W. Grimes (ECF No. 32-2) at ¶¶ 1-2. Defendant Grimes & Battersby, LLP is a limited liability partnership, with offices in Norwalk, Connecticut and New York City, New York. *Id.* at ¶ 6. All of the attorneys affiliated with Defendant Grimes & Battersby, LLP live and work in Connecticut or New York, except when the representation of a client requires travel. *Id.* Neither Defendant Grimes & Battersby, LLP nor Defendant Charles W. Grimes has engaged in any persistent course of conduct in Ohio. *Id.* at ¶ 7. A Grimes & Battersby lawyer took Plaintiff's deposition in connection with the Opposition Proceeding, but otherwise, neither Defendant Charles W. Grimes nor Defendant Grimes & Battersby, LLP has had an employee or agent in Ohio. *Id.* at ¶¶ 11, 14, 16, and 21. Neither Defendant Grimes & Battersby, LLP nor Defendant Charles W. Grimes has regularly solicited business in the state of Ohio, or ever sold any goods or services in Ohio, except possibly in connection with their representation of clients. *Id.* at ¶¶ 8-10. Neither Defendant Grimes & Battersby, LLP nor Defendant Charles W. Grimes has established a mailing address or phone listings in Ohio, neither owns property in Ohio, and

72

(5:10CV0033)

neither has an office in Ohio. *Id.* ¶¶ 10-12. Neither Defendant Grimes & Battersby, LLP nor

Defendant Charles W. Grimes has ever negotiated or entered into any contracts in Ohio. *Id.* at ¶

13. Defendant Charles W. Grimes has never transacted any business in Ohio, and to the extent

that other Grimes & Battersby attorneys have, they have only done so on behalf of clients, in

connection with their representation of those clients. *Id.* at ¶ 14. Neither Defendant Grimes &

Battersby, LLP nor Defendant Charles W. Grimes has had business or personal contact with

Plaintiff or Somya Inc. other than receipt of process in this case, the cease-and-desist letters and

their involvement in the pending trademark Opposition Proceeding in which they represent

Defendant Max Rohr, Inc. *Id.* at ¶ 15.

### A. The Amended Complaint (ECF No. 3) Fails to State a Claim Against Defendants Grimes & Battersby, LLP and Charles W. Grimes Upon Which Relief Can be Granted

The allegations (1) that Defendants Grimes & Battersby, LLP and Charles W. Grimes

took action, as counsel for their clients, to register, record the assignment of or enforce trademark

rights, and (2) of Count 11 of the Complaint, which refer to Attorney Grimes among other

Individual Defendants, fail to state a claim against these defendants upon which relief can be

granted.

#### 1. Ohio's Litigation Privilege Protects Defendants Grimes & Battersby, LLP and Charles W. Grimes from Claims Based on Work for Their Clients Before the PTO, or to Enforce Registered Marks

For the reasons set forth at Section X, Part H, the work of Defendants Grimes &

Battersby, LLP and Charles W. Grimes as counsel for their clients, in connection with the

registration and enforcement of trademarks, cannot be the basis for liability to Plaintiff.

#### 2. Count 11 of the Amended Complaint (ECF No. 3) Fails to State a Claim Against

73

(5:10CV0033)

### Defendant s Charles W. Grimes Upon Which Relief Can be Granted

For the reasons set forth at Section XIII, Part A, Count 11 fails to state a claim against

Defendant Charles W. Grimes.

## B. This Court Lacks Personal Jurisdiction Over Defendants Grimes & Battersby, LLP and Charles W. Grimes

Personal jurisdiction cannot be based on the cease-and-desist letters or the Opposition

Proceeding. Neither Defendant Grimes & Battersby, LLP nor Defendant Charles W. Grimes is

an Ohio resident; and the limited contact with the state of Ohio that Defendants Grimes &

Battersby, LLP and Charles W. Grimes had, in the course of seeking to protect a client's

trademark rights, cannot legally or fairly serve as the basis for the assertion of personal

jurisdiction. This conduct was privileged.

The discussion at the beginning of Section XIII, Part B is incorporated herein by

reference.

### 1. The RICO Statute Cannot be Used to Establish Personal Jurisdiction Over Defendants Grimes & Battersby, LLP and Charles W. Grimes Because Plaintiff's RICO Allegations Fail to State a Justiciable Claim

For the reasons set forth at Section XI, Part A(1), Plaintiff cannot utilize RICO's

nationwide service provision to secure personal jurisdiction over Defendants Grimes &

Battersby, LLP and Charles W. Grimes.

### 2. Plaintiff Cannot Establish Personal Jurisdiction Over Defendants Grimes & Battersby, LLP and Charles W. Grimes Under the Antitrust Laws

For the reasons set forth at Section XI, Part A(2), none of the provisions of the Clayton

Act that Plaintiff invokes against Defendants Grimes & Battersby, LLP and Charles W.

(5:10CV0033)

Grimes– 15 U.S.C. § 5, 15 U.S.C. § 15, 15 U.S.C. §22 (as to Defendant Grimes & Battersby, LLP

only), or 15 U.S.C. § 24 (as to Defendant Charles W. Grimes only)– establish personal

jurisdiction over them.

      Moreover, 15 U.S.C. § 15 does not help Plaintiff to establish personal jurisdiction over

Defendants Grimes & Battersby, LLP and Charles W. Grimes in Ohio. It merely establishes

proper venue for an antitrust action. *See Norman's on the Waterfront v. West Indies Corp.*, No.

515/1973 Antitrust, 1974 U.S. Dist. LEXIS 7588, at *3 (D. V.I. July 17, 1974) ("Paragraph 1 of

the complaint states that jurisdiction and venue are founded on . . . 15 U.S.C. § 15. It is true that

[this] provision[ ] [does not] authorize the exercise of personal jurisdiction."). The

cease-and-desist letters and the deposition taken of Plaintiff provide the only possible connection

between Defendants Grimes & Battersby, LLP and Charles W. Grimes and the state of Ohio. But

those activities are privileged, and they cannot be the basis for personal jurisdiction or venue.

*See* Section X, Part H, *supra*; *Database America, Inc. v. Bellsouth Advertising & Pub. Corp.*, 825

F. Supp. 1216, 1226 (D. N.J. 1993) (construing venue under 28 U.S.C. § 1391, and holding

"[b]ecause cease-and-desist letters are logically sent to an alleged infringer in its home forum, a

rule which automatically provides for venue in the district of receipt of such letter has the effect

of establishing venue in the plaintiff's home forum, without regard to the inconvenience to the

defendant. . . . This result is contrary to both the letter and spirit of the venue requirement.").

      Plaintiff cannot rely on 15 U.S.C. §22 to establish personal jurisdiction over Defendant

Grimes & Battersby, LLP because, as previously stated, Section 22 applies only to "[a]ny suit,

action, or proceeding under the antitrust laws against a *corporation.*" *See* n. 13, *supra*.

(5:10CV0033)

Defendant Grimes & Battersby, LLP is a limited liability partnership, not a corporation. *See* ECF No. 32-2 at ¶ 6.

Finally, Plaintiff cannot rely on 15 U.S.C. § 24 to establish personal jurisdiction over Defendant Charles W. Grimes because it applies only to corporate employees, it is not a jurisdictional statute, and the nature of Grimes's contacts with Ohio do not support the exercise of jurisdiction. First, 15 U.S.C. § 24, entitled "Liability of directors and agents of corporation" applies only to Individual Defendants who work for corporations, and Defendant Grimes & Battersby, LLP is a limited liability partnership. *See* ECF No. 32-2 at ¶ 6. Second, 15 U.S.C. § 24 is not a jurisdictional statute. *Sullivan*, 785 F. Supp. at 1082. Rather, "before a state can exercise jurisdiction over [an] employee," the Court must look to whether the employee has contacts with the forum sufficient to support the exercise of general jurisdiction or specific jurisdiction." *Id.* Third, for the reasons set forth at Section XIV, Part B(3) and (4), Plaintiff cannot establish that the Court has general or specific jurisdiction over Charles W. Grimes.

### 3. *Plaintiff Cannot Establish Personal Jurisdiction Based on Due Process and the Ohio Long-Arm Statute*

The discussion at Section XI, Part A(3) and Section XII, Part E is incorporated herein by reference.

The Court cannot exercise personal jurisdiction over Defendants Grimes & Battersby, LLP (a Connecticut limited liability partnership) or Defendant Charles W. Grimes (a Connecticut resident) unless (1) each is amenable to suit under Ohio's long-arm statute and (2) the due process requirements of the United States Constitution are met. *Reynolds*, 23 F.3d at 1115. For the reasons set forth at Section XII, Part E, Plaintiff can satisfy neither in the case at bar.

76

(5:10CV0033)

The Amended Complaint (ECF No. 3) does not allege that either Defendant Grimes & Battersby, LLP or Defendant Charles W. Grimes were ever present in Ohio. Although Defendant Charles W. Grimes sent cease-and-desist letters to Plaintiff in Ohio, "letters sent into the forum do not constitute . . . presence in Ohio." *Hildebrand*, 279 F.3d at 1355. Personal jurisdiction also does not exist because Plaintiff's reliance on the two letters that Defendant Charles W. Grimes sent to Plaintiff from his Connecticut office offends due process. *See* Section XIV, Part B(4). *See also Calphalon Corp.*, 228 F.3d at 721; *Cadle Co. v. Schlichtmann*, 123 Fed. Appx. 675, 681 (6th Cir. 2005) (rejected the idea that a letter sent from an out-of-state attorney could form the basis of personal jurisdiction in Ohio).

## XVII.

Defendant Max Rohr, Inc. has an insufficient connection to Ohio to satisfy the minimum contacts necessary for personal jurisdiction in the case at bar. Privileged efforts to protect trademark rights cannot be the basis for personal jurisdiction.

The Amended Complaint (ECF No. 3) does not allege that Defendant Max Rohr, Inc. resides in or had any contact with Ohio, except that Defendant Grimes & Battersby, LLP sent the cease-and-desist letters to Plaintiff on Max Rohr's behalf. Defendant Max Rohr, Inc. has no Ohio contacts on which personal jurisdiction can be based. Defendant Max Rohr, Inc. is a Delaware corporation with offices located in Wilmington, Delaware.[27] Declaration of Pamela Jasinski (ECF No. 33-2) at ¶ 1. Defendant Max Rohr, Inc. has never solicited business in the

---

[27] Defendant Max Rohr, Inc. was served in Wilmington, Delaware. *See* Return of Service (ECF No. 21).

(5:10CV0033)

state of Ohio, has never contracted to sell any goods or services in the state of Ohio, and has never transacted any business in the state of Ohio. *Id.* at ¶¶ 7-10. Other than in connection with the Opposition Proceeding at the Trademark Trial and Appeal Board of the PTO, Defendant Max Rohr, Inc. has never had any agents or employees in the state of Ohio. *Id.* at ¶¶ 11 and 16. Likewise, Defendant Max Rohr, Inc. has never had any contact with Plaintiff other than the cease-and-desist letters sent by Defendant Grimes & Battersby, LLP, the receipt of service of process in the case at bar, and its involvement as a party in the Opposition Proceeding before the Trademark Trial and Appeal Board. *Id.* at ¶ 16. Except in connection with its privileged efforts to enforce its trademark rights, Defendant Max Rohr, Inc. has had no contact or relation with the state of Ohio whatsoever, and has never had any expectation of being sued here. *Id.* ¶ 19.

Defendant Max Rohr, Inc. has never maintained offices or owned property in the state of Ohio. *Id.* at ¶¶ 12-13. Moreover, Defendant Max Rohr, Inc., being exclusively a trademark holding company, does not operate any business and therefore has no operational revenue of any kind as a result of its activities in Ohio. *Id.* at ¶¶ 6 and 14. Defendant Max Rohr, Inc. has never established a mailing address or phone listing in Ohio. *Id.* at ¶ 15.

The discussion at the beginning of Section XIII, Part B is incorporated herein by reference.

**A. *Ohio's Litigation Privilege Protects Defendant Max Rohr, Inc. from Claims Based on the Work that Defendants Grimes & Battersby, LLP and Charles W. Grimes Performed on Its Behalf Before the PTO, or to Enforce Registered Marks***

78

(5:10CV0033)

For the reasons set forth at Section X, Part H, the work of Defendants Grimes &

Battersby, LLP and Charles W. Grimes, as counsel for Defendant Max Rohr, Inc., in connection

with the registration and enforcement of trademarks, cannot be the basis for liability to Plaintiff.

**B. The RICO Statute Cannot be Used to Establish Personal Jurisdiction Over Defendant Max Rohr, Inc. Because Plaintiff's RICO Allegations Fail to State a Justiciable Claim**

For the reasons set forth at Section XI, Part A(1), Plaintiff cannot utilize RICO's

nationwide service provision, 18 U.S.C. § 1965(b) and (d), to secure personal jurisdiction over

Defendant Max Rohr, Inc.

**C. Plaintiff Cannot Establish Personal Jurisdiction Over Defendant Max Rohr, Inc. Under the Antitrust Laws**

**1. Plaintiff Cannot Establish Jurisdiction Over Defendant Max Rohr, Inc. Under 15 U.S.C. § 22 Because the Amended Complaint (ECF No. 3) Fails to State an Antitrust Claim Against It and Ohio is an Improper Venue**

For the reasons set forth at Section XV, Part A(1)(c), Plaintiff cannot utilize the

worldwide service provision of Section 12 of the Clayton Act, 15 U.S.C. § 22, to secure personal

jurisdiction over Defendant Max Rohr, Inc.

**2. Plaintiff Cannot Establish Personal Jurisdiction Over Defendant Max Rohr, Inc. Under 15 U.S.C. § 5 or 15 U.S.C. § 15**

For the reasons set forth at Section XI, Part A(2), neither of the other provisions of the

Clayton Act that Plaintiff invokes against Defendant Max Rohr, Inc.- 15 U.S.C. § 5 or 15 U.S.C.

§ 15- establish personal jurisdiction over it.

Moreover, just as is the case with Defendants Grimes & Battersby, LLP and Charles W.

Grimes, 15 U.S.C. § 15 does not help Plaintiff to establish personal jurisdiction over Defendant

Max Rohr, Inc. in Ohio.  It merely establishes proper venue for an antitrust action.  See *Norman's*

79

(5:10CV0033)

*on the Waterfront*, 1974 U.S. Dist. LEXIS 7588, at *3 ("Paragraph 1 of the complaint states that

jurisdiction and venue are founded on . . . 15 U.S.C. § 15. It is true that [this] provision[ ] [does

not] authorize the exercise of personal jurisdiction."). Just as venue would be improper under 15

U.S.C. § 22, it is likewise improper under 15 U.S.C. § 15. Federal courts analyzing this

provision have required a plaintiff to establish that the defendant has a "substantial" level of

contact with a given jurisdiction before the defendant will be "found" within that jurisdiction.

*See, e.g.*, *Redmond*, 359 F. Supp. at 669-71. Other than its trademark policing

activities–activities privileged under Ohio law–the Amended Complaint (ECF No. 3) makes no

allegations that Defendant Max Rohr, Inc. has had any contact with the state of Ohio. In fact,

Defendant Max Rohr, Inc. does not reside in, cannot be found in, and does not have agents in the

Northern District of Ohio. ECF No. 33-2 at ¶¶ 3, 6-15, and 18. Because Plaintiff does not and

cannot allege that Defendant Max Rohr, Inc. has the connection to Ohio required for proper

venue under 15 U.S.C. § 15, it must be dismissed for lack of personal jurisdiction. *Redmond*,

359 F. Supp. at 671.

**D. *Plaintiff Cannot Establish Personal Jurisdiction Based on Due Process and the Ohio Long-Arm Statute***

The discussion at Section XVI, Part B(3) is incorporated herein by reference.

## XVIII.

On April 26, 2010, Plaintiff filed another Amended Complaint (ECF No. 37) without

seeking leave of Court, which although styled as a "First Amended Pleading" is truly a Second

Amended Complaint. Defendants moved to strike Plaintiff's "First Amended Pleading" and the

Court granted Defendants' motion on July 2, 2010. In the July 2, 2010 Memorandum Opinion

(5:10CV0033)

and Order (ECF No. 52), the Court also instructed Plaintiff to file responses to Defendants'

pending motions to dismiss by July 26, 2010 and noted:  "*Failure to timely oppose these motions*

*may result in summary dismissal of this action*" (emphasis added).

On July 21, 2010, Plaintiff filed the within motion, which seeks leave to file a further

amended complaint, rather than address the substance of Defendants' various pending Motions to

Dismiss (ECF Nos. 26-33).  As stated above in Section IX, the Court entered an Order (ECF No.

57) that advised Plaintiff that the Court intended to rule on his motion to further amend his

Amended Complaint (ECF  No. 53) at the same time it ruled on Defendants' various pending

motions.  Plaintiff was, therefore, granted leave to file a response(s) to the eight comprehensive

and case-dispositive motions to dismiss.

Plaintiff seeks to add two additional new party defendants by virtue of the proposed

amendment.  He seeks to join as defendants Tabacalera Brands, Inc. and Commonwealth Brands,

Inc., two additional companies in Defendant Altadis U.S.A. Inc.'s corporate family.  Plaintiff

also seeks to add a proposed "Fifth Claim for Relief" and to expand his claim under the Lanham

Act to increase the number of trademark registrations he seeks to cancel from 56 to

approximately 380.

The Court denies Plaintiff's Motion for Leave to File an Amended Pleading (ECF No. 53)

for two reasons.[28]  First, the procedural and substantive defects in Plaintiff's claims are not

---

[28]  In their Memorandum in Opposition (ECF No. 54), Defendants argue that
"Plaintiff's Motion for Leave to Amend should be denied because Plaintiff has unduly
delayed in seeking leave to amend.  Defendants submit that Plaintiff seeks leave now in
an attempt to delay responding to the pending motions to dismiss."  ECF No. 54 at 3.

(continued...)

81

(5:10CV0033)

curable. *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006) ("A district court may deny a plaintiff leave to amend his . . . complaint . . . when the proposed amendment would be futile.") For example, Plaintiff has added a proposed "Fifth Claim for Relief" to "null and void" Defendants trademarks. *See* ECF No. 53-2 at 25-26. However, there is no private right of action for declaratory relief under the Cuban Assets Control Regulations, 31 C.F.R. § 515.101 *et seq.* *See Glen v. Club Mediterranee S.A.*, 365 F. Supp.2d 1263, 1272 (S.D. Fla. 2005) (citing *Schilling v. Rogers*, 363 U.S. 666 (1960) and explaining that where the plaintiff has no "remedial right" under a statute the Court lacked jurisdiction to consider the claim). The First Amended Pleading (ECF Nos. 53-1 and 2) would not withstand a motion to dismiss.

Second, the current defendants will be unduly prejudiced by the proposed amendment because Defendants reasonably relied upon the Amended Complaint (ECF No. 3) as the controlling affirmative pleading, to which they expended substantial time, effort, and legal fees in preparing and filing eight responsive motions to dismiss.

Thus, the Court hereby brings an end to this litigation in this court.

---

[28](...continued)
Given the Court's prior ruling, *see* ECF No. 57, this argument is moot.

(5:10CV0033)

## XIX.

The Court also dismisses without prejudice Plaintiff's allegations against John Does 1-10

as service of process, and, by extension the institution of a lawsuit, cannot be effected on

fictitious persons. *Webster v. Freedom Debt Relief, LLC*, No. 1:10CV1587, 2011 WL 3422872,

at *2 (N.D. Ohio Aug. 4, 2011).

IT IS SO ORDERED.

March 30, 2012

Date

Benita Y. Pearson
United States District Judge
83